**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

JUAN MELGOZA GUERRERO, aka
Juan Francisco Mendoza Guerro,
*Petitioner*,

v.

MATTHEW WHITAKER, Acting
Attorney General,
*Respondent.*

No. 15-72080

Agency No.
A087-677-945

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 16, 2018
San Francisco, California

Filed November 9, 2018

Before: Sidney R. Thomas, Chief Judge, Susan P. Graber,
Circuit Judge, and Robert S. Lasnik,* District Judge.

Opinion by Judge Graber

---

*The Honorable Robert S. Lasnik, United States District Judge for the
Western District of Washington, sitting by designation.

**SUMMARY**[**]

**Immigration**

The panel denied in part and granted in part a petition for review of the Board of Immigration Appeals' final order of removal, holding that the statutory phrase "particularly serious crime," as set forth in 8 U.S.C. § 1231(b)(3)(B), is not unconstitutionally vague on its face.

In considering whether the particularly serious crime provision is unconstitutionally vague, the panel addressed this court's prior opinion in *Alphonsus v. Holder*, 705 F.3d 1031 (9th Cir. 2013) (holding that the particularly serious crime statute is not unconstitutionally vague). Applying the teachings of *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), which held, respectively, that the residual clauses of the Armed Career Criminal Act and 18 U.S.C. § 16(b) were unconstitutionally vague, the panel concluded that the court applied the wrong legal standard in *Alphonsus*, by requiring that a petitioner "must establish that no set of circumstances exists under which the statute would be valid." The panel explained that *Johnson* and *Dimaya* expressly rejected the notion that a statutory provision survives a facial vagueness challenge merely because some conduct clearly falls within the statute's scope.

Considering the issue anew, the panel again held that the particularly serious crime statute is not unconstitutionally

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

vague, because although the statute to some extent provides an uncertain standard to be applied to a wide range of fact-specific scenarios, the inquiry applies only to real world facts, unlike *Johnson* and *Dimaya*, which each applied an uncertain standard to an idealized crime in the context of the categorical approach. The panel explained that the particularly serious crime inquiry requires consideration of what a petitioner actually did, and therefore does not suffer from the fatal combination of an imprecise standard on top of an "ordinary case" inquiry at issue in *Johnson* and *Dimaya*.

In a concurrently filed unpublished memorandum disposition, the panel addressed Guerrero's remaining arguments, concluding that the Board did not abuse its discretion in determining that Guerrero committed a particularly serious crime that made him ineligible for statutory withholding of removal and withholding of removal under the Convention Against Torture, but granting the petition with respect to the Board's denial of deferral of removal under the Convention Against Torture.

## COUNSEL

Ann F. Barhoum (argued), Olmos & Barhoum LLP, San Jose, California; Monica Ganjoo, Ganjoo Law Office, San Francisco, California; for Petitioner.

Andrew N. O'Malley (argued) and Anh-Thu P. Mai-Windle, Senior Litigation Counsel; Stephen J. Flynn, Assistant Director; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.; for Respondent.

**OPINION**

GRABER, Circuit Judge:

Petitioner Juan Melgoza Guerrero, a native and citizen of Mexico, timely seeks review of a final order of removal. In particular, he challenges the Board of Immigration Appeals' ("BIA") determination that he has been convicted of a "particularly serious crime" within the meaning of 8 U.S.C. § 1231(b)(3)(B)(ii), which rendered him ineligible for statutory withholding of removal and withholding of removal under the Convention Against Torture ("CAT"). He also challenges the BIA's denial of deferral of removal under CAT.

In this opinion, we address only the legal argument that the statutory phrase "particularly serious crime" is unconstitutionally vague on its face following the Supreme Court's decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). Reviewing de novo, *Guo v. Sessions*, 897 F.3d 1208, 1212 (9th Cir. 2018), we hold that the statutory provision survives facial scrutiny.[1]

An alien is entitled to withholding of removal if "the alien's life or freedom would be threatened in that country

---

[1] In an unpublished disposition filed this date, we address Petitioner's remaining arguments, which turn on the factual specifics of his case. We conclude that the BIA did not abuse its discretion in determining that Petitioner committed a particularly serious crime. Accordingly, we deny the petition with respect to both forms of withholding of removal. But we hold that substantial evidence does not support the BIA's determination concerning deferral of removal under CAT. We therefore grant the petition in that respect.

because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). An exception exists if the alien, "having been convicted by a final judgment of a particularly serious crime[,] is a danger to the community of the United States." *Id.* § 1231(b)(3)(B)(ii). The statute further provides:

> For purposes of clause (ii) [the "particularly serious crime" provision], an alien who has been convicted of an aggravated felony (or felonies) for which the alien has been sentenced to an aggregate term of imprisonment of at least 5 years shall be considered to have committed a particularly serious crime. The previous sentence shall not preclude the Attorney General from determining that, notwithstanding the length of sentence imposed, an alien has been convicted of a particularly serious crime.

*Id.* § 1231(b)(3)(B).

We previously have detailed the extensive history of the "particularly serious crime" provision and its present operation. *Alphonsus v. Holder*, 705 F.3d 1031, 1037–41 (9th Cir. 2013). Three categories of crimes may be determined to be particularly serious. First, by statute, any aggravated felony that carried an aggregate term of at least five years' imprisonment is particularly serious. 8 U.S.C. § 1231(b)(3)(B). Second, in general, all other crimes may, on a case-by-case basis, be determined to be particularly serious by considering the factors described in *In re Frentescu*, 18 I. & N. Dec. 244 (B.I.A. 1982), as applied to the facts of the alien's conviction. Third, the Attorney General has specified,

in a published opinion, that all drug-trafficking offenses are particularly serious except in "very rare" instances. *In re Y-L-*, 23 I. & N. Dec. 270, 276 (A.G. 2002).

In *Alphonsus*, 705 F.3d at 1041–43, we held that the "particularly serious crime" provision is not unconstitutionally vague on its face. "First, and most importantly, the statutory text indicates that the key to determining whether a crime is particularly serious is whether the nature of the crime shows that the alien poses a danger to the community of the United States." *Id.* at 1042–43. Second, the statute itself describes a large category of crimes—aggravated felonies with sentences of at least five years' imprisonment. *Id.* at 1043. "The aggravated felony definitions serve both to delineate the group of *per se* particularly serious crimes and to suggest the types of crimes most likely to be covered by the statute even when the aggregate sentence is less than five years." *Id.* Finally, "the BIA has specified at least one category of offenses—drug trafficking crimes—which will almost always be particularly serious crimes for withholding purposes." *Id.* (citing *In re Y-L-*, 23 I. & N. Dec. at 276). "In sum, § 1231(b)(3)(B) does cover an ascertainable core set of convictions, and the BIA's interpretive glosses have added some specificity as well." *Id.*

As a three-judge panel, we are bound by *Alphonsus* unless it is "clearly irreconcilable" with the reasoning or theory of an intervening Supreme Court decision or other higher authority. *Miller v. Gammie*, 335 F.3d 889, 893, 899–900 (9th Cir. 2003) (en banc). We therefore examine the Supreme Court's recent cases applying the vagueness doctrine.

In *Johnson*, 135 S. Ct. at 2557, the Court held that the residual clause of the Armed Career Criminal Act ("ACCA")

was unconstitutionally vague.  That clause was the portion of 18 U.S.C. § 924(e)(2)(B)(ii), emphasized below, that defined a "violent felony" as a crime that "is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*."   The Court held that a criminal law violates the Due Process Clause if it is "so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." *Johnson*, 135 S. Ct. at 2556.

"Two features of the residual clause conspire to make it unconstitutionally vague."  *Id.* at 2557.  The first feature concerned the categorical approach, which requires the court to ask about the risk of physical injury caused not by the defendant's particular crime, but by an "idealized ordinary case" of the crime.  *Id.* at 2557–58.  The Court asked:  "How does one go about deciding what kind of conduct the 'ordinary case' of a crime involves?  A statistical analysis of the state reporter?  A survey?  Expert evidence?  Google? Gut instinct?" *Id.* at 2557 (internal quotation marks omitted).  Moreover, "picturing the criminal's behavior is not enough; . . . assessing 'potential risk' seemingly requires the judge to imagine how the idealized ordinary case of the crime subsequently plays out."  *Id.* at 2557–58.  The second feature concerned the "uncertainty about how much risk it takes for a crime to qualify as a violent felony."  *Id.* at 2558.  "It is one thing to apply an imprecise 'serious potential risk' standard to real-world facts; it is quite another to apply it to a judge-imagined abstraction."  *Id.*  "By combining indeterminacy about how to measure the risk posed by a crime with indeterminacy about how much risk it takes for the crime to qualify as a violent felony, the residual clause produces more

unpredictability and arbitrariness than the Due Process Clause tolerates." *Id.*

In a separate section of the opinion, the Court addressed the applicable legal standard. The Court rejected the argument that "a vague provision is constitutional merely because there is some conduct that clearly falls within the provision's grasp." *Id.* at 2561. Specifically, the Court rejected the legal standard "that 'a statute is void for vagueness only if it is vague in all its applications.'" *Id.* (quoting *id.* at 2574 (Alito, J., dissenting)).

In *Dimaya*, the Court held that a similarly worded residual clause, this time found in 18 U.S.C. § 16(b), also was unconstitutionally vague. 138 S. Ct. at 1213. *Johnson* "effectively resolved the case," because § 16(b)'s residual clause "has the same two features as ACCA's, combined in the same constitutionally problematic way." *Id.*; *see id.* at 1213–16 (detailed analysis, tracking *Johnson*). In a footnote, the Court reiterated the point that a vague provision is not saved by the fact that the provision clearly captures some conduct. *Id.* at 1214 n.3.

Applying the teachings of *Johnson* and *Dimaya* here, we conclude that we applied the wrong legal standard in *Alphonsus*. There, we held that the petitioner "must establish that no set of circumstances exists under which the statute would be valid." *Alphonsus*, 705 F.3d at 1042 (brackets omitted) (quoting *United States v. Salerno*, 481 U.S. 739, 745 (1987)). In a footnote, we observed that the "no set of circumstances" standard was subject to some doubt but that we would continue to apply that standard "until a majority of the Supreme Court directs otherwise." *Id.* at 1042 n.11 (internal quotation marks and brackets omitted). That day has

come. *Johnson* and *Dimaya* expressly rejected the notion that a statutory provision survives a facial vagueness challenge merely because some conduct clearly falls within the statute's scope. *Johnson*, 135 S. Ct. at 2561; *Dimaya*, 138 S. Ct. at 1214 n.3. Accordingly, *Alphonsus*' reasoning is, in part, clearly irreconcilable with *Johnson* and *Dimaya*. We therefore address with fresh eyes whether the "particularly serious crime" provision is unconstitutionally vague.

As noted above, the statutory provision denies some forms of relief if the "alien, having been convicted by a final judgment of a particularly serious crime[,] is a danger to the community of the United States." 8 U.S.C. § 1231(b)(3)(B)(ii). The term "particularly serious crime" requires the agency to place the alien's conviction along a spectrum of seriousness. The surrounding text provides two clues as to whether a crime is "particularly serious": the crime must allow an inference that the person is a "danger to the community of the United States"; and aggravated felonies with resulting sentences of at least five years are per se particularly serious, though the statutory text makes clear that other crimes, too, may be particularly serious. As we noted in *Alphonsus*, the per se category "suggest[s] the types of crimes most likely to be covered by the statute even when the aggregate sentence is less than five years." 705 F.3d at 1043.

We know with certainty that a minor traffic infraction is not "particularly serious" and that a heinous, violent crime is "particularly serious." But for the crimes in between, the statute provides little guidance. Instead, the statute provides an uncertain standard to be applied to a wide range of fact-specific scenarios. In that sense, the standard is uncertain. But that kind of uncertainty does not mean that a statute is unconstitutionally vague. Many statutes provide uncertain

standards and, so long as those standards are applied to real-world facts, the statutes are almost certainly constitutional. The problem in *Johnson* and *Dimaya* was not that the terms were uncertain in isolation; the problem was that the uncertainty had to be applied to an idealized crime:

> [Many laws] require gauging the riskiness of conduct in which an individual defendant engages *on a particular occasion*. As a general matter, we do not doubt the constitutionality of laws that call for the application of a qualitative standard such as "substantial risk" to real-world conduct; the law is full of instances where a man's fate depends on his estimating rightly some matter of degree. The residual clause, however, requires application of the "serious potential risk" standard to an idealized ordinary case of the crime.

*Johnson*, 135 S. Ct. at 2561 (citation, ellipsis, and some internal quotation marks omitted).

> Many perfectly constitutional statutes use imprecise terms like "serious potential risk" (as in ACCA's residual clause) or "substantial risk" (as in § 16's). The problem came from layering such a standard on top of the requisite "ordinary case" inquiry.

*Dimaya*, 138 S. Ct. at 1214.

Critically, the "particularly serious crime" inquiry in 8 U.S.C. § 1231(b)(3)(B)(ii) applies *only* to real-world facts.

Unlike many standards in the immigration context, the "particularly serious crime" inquiry requires the BIA to assess what the alien actually did; "the categorical and modified categorical approaches . . . are not applicable to evaluating whether a crime is 'particularly serious,'" *Anaya-Ortiz v. Holder*, 594 F.3d 673, 680 (9th Cir. 2010) (citation omitted). Accordingly, the fatal combination at issue in *Johnson* and *Dimaya* is absent here. The "particularly serious crime" inquiry requires an imprecise line-drawing exercise, but it is no less certain than the "perfectly constitutional statutes" that the Supreme Court discussed. *Dimaya*, 138 S. Ct. at 1214. We hold that the "particularly serious crime" provision is not unconstitutionally vague on its face.

**Petition DENIED in part and GRANTED in part.** The parties shall bear their own costs on appeal.