NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN OSORIO-MOLINA, | No. 12-71059 |
| Petitioner, | Agency No. A029-183-924 |
| v. | |
| MATTHEW G. WHITAKER, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 8, 2015
Submission Vacated July 9, 2015
Resubmitted January 23, 2019

Before: W. FLETCHER, PAEZ, and BERZON, Circuit Judges.

Petitioner Juan Osorio-Molina petitions for review of a decision of the Board

of Immigration Appeals ("BIA") denying his applications for relief from

deportation. We deny the petition in part, grant the petition in part and remand.

This case has a long procedural history. Osorio-Molina has lived in the

United States for nearly thirty-five years. He lives with his U.S. citizen wife and

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

children. The BIA administratively closed Osorio-Molina's case in 1991 to allow him to seek temporary protected status under the settlement agreement in *American Baptist Churches v. Thornburgh*, No. 85-3255 (N.D. Cal. Dec. 19, 1990). Sixteen years later, the federal government moved to reinstate proceedings based on Osorio-Molina's ineligibility for temporary protected status. The BIA granted the motion and remanded the case to the immigration judge ("IJ") for further proceedings. On remand, the IJ, relying on Osorio-Molina's 1988 conviction under Cal. Health & Safety Code section 11352 for helping a third party sell cocaine, pretermitted his applications for asylum, withholding of deportation, and adjustment of status in conjunction with a waiver of inadmissibility. The IJ also denied his application for deferral under the Convention Against Torture ("CAT"). The BIA affirmed the IJ's decision after concluding that Osorio-Molina's 1988 conviction was both a controlled substance-related offense and drug trafficking aggravated felony.

Osorio-Molina challenges the BIA's dismissal of his appeal on several grounds. He also argues that the IJ should have granted him a continuance to pursue a collateral attack on his underlying conviction. We address each of his arguments below.

**1.** The record reflects that Osorio-Molina never requested a continuance from the IJ so that he could seek post-conviction relief in state court. Indeed, his

counsel never raised the possibility of post-conviction relief before the IJ. As such, his argument that the agency erred in not permitting a continuance under such circumstances lacks merit. *See Garcia v. Lynch*, 798 F.3d 876, 881 (9th Cir. 2015).

**2.** Substantial evidence supports the IJ's finding that Osorio-Molina is inadmissible for adjustment of status purposes because of his 1988 controlled substance-related conviction. *See* 8 U.S.C. § 1182(a)(2)(A)(i)(II). Furthermore, the IJ did not err in finding that Osorio-Molina did not qualify for a waiver of inadmissibility under 8 U.S.C. § 1182(h), as that provision only applies to convictions for "simple possession of 30 grams or less of marijuana."

**3.** Substantial evidence also supports the IJ's denial of Osorio-Molina's application for CAT deferral. Although the IJ found his testimony to be both credible and genuine, and although Osorio-Molina presented country conditions evidence revealing significant gang violence and police corruption in El Salvador, the evidence does not compel a finding that he faces a clear probability of torture at the acquiescence of the Salvadoran government. *See Wakkary v. Holder*, 558 F.3d 1049, 1067–68 (9th Cir. 2009).

**4.** The BIA, applying the modified categorical approach, held that Osorio-Molina's conviction under Cal. Health & Safety Code section 11352 was an aggravated felony barring him from asylum, and a particularly serious crime

barring him from withholding of deportation. *See* 8 U.S.C. §§ 1158(d),

1253(h)(2)(B) (1991). We held this case in abeyance while the issue of divisibility

of section 11352 was under consideration en banc in *United States v. Martinez-*

*Lopez*, 864 F.3d 1034 (9th Cir. 2017). *Martinez-Lopez* ultimately held that section

11352 is divisible with respect to both its actus reus and the controlled-substance

requirement. *Id*. at 1040–43. Although the BIA did not have the benefit of our

decision in *Martinez-Lopez*, it nevertheless properly concluded that Osorio-

Molina's conviction was a drug trafficking aggravated felony as the record of

conviction identified both the actus reus, transporting for sale, and controlled

substance involved, cocaine. *Id*. at 1043.

The BIA was correct that Osorio-Molina's aggravated felony conviction

barred him from asylum. *See* 8 U.S.C. §§ 1158(b)(2)(A)(ii), (b)(2)(B)(i). Whether

that aggravated felony was a particularly serious crime barring him from

withholding of deportation, however, is a more complicated matter. Because he

received a sentence under five years of imprisonment for the aggravated felony

conviction, Osorio-Molina faces a rebuttable presumption that his offense is a

particularly serious crime. *See Matter of L-S-*, 22 I. & N. Dec. 645, 650 (BIA

1999) (noting that cases initiated prior to April 1, 1997 are controlled by the

holding in *Matter of Q-T-M-T-*, 21 I. & N. Dec. 639 (BIA 1996)). A petitioner can

overcome the presumption by showing "any unusual aspect" of the conviction that

4

"convincingly evidences that his or her crime cannot rationally be deemed 'particularly serious.'" *Q-T-M-T-*, 21 I. & N. Dec. at 654.  This necessitates consideration of "the nature and circumstances of the crime" to determine whether the petitioner "can be said to represent a danger to the community." *Id.* (citing *Matter of Carballe*, 19 I. & N. Dec. 357, 360–61 (1986), *Matter of Frentescu*, 18 I. & N. Dec. 244 (BIA 1982)).

On this point, the BIA's reasoning was sparse.  It concluded, "based on the respondent's record of conviction, including the language of the plea agreement," that he had not successfully rebutted the presumption.  According to his plea agreement, Osorio-Molina helped one individual, on five occasions, sell cocaine by storing it for him and passing it on to another individual who delivered it to the buyer.  Neither the IJ nor the BIA explain—nor can we assume—precisely why "the nature and circumstances" of Osorio-Molina's offense necessitates concluding that he represents a "danger to the community." *Id.*  Moreover, the BIA failed to address Osorio-Molina's request for further fact-finding regarding the circumstances of his conviction.  Because the IJ assumed that the 1988 conviction automatically constituted a particularly serious crime, the record lacks any evidence or conclusions regarding dangerousness.

We therefore hold that the BIA erred by failing to explain "the operative rationale of its particularly serious crime determination." *Alphonsus v. Holder*,

705 F.3d 1031, 1044 (9th Cir. 2013), *abrogated on other grounds by Guerro v. Whitaker*, 908 F.3d 541 (9th Cir. 2018).  "Without knowing the basis of the [agency's] decision, we cannot conduct a meaningful review."  *Id*. at 1045 (internal quotation mark removed).  Accordingly, we remand to the agency for further fact-finding and a determination of whether Osorio-Molina's conviction constitutes a particularly serious crime barring him from withholding of removal.

Petition **DENIED IN PART**, **GRANTED IN PART** and **REMANDED**. Each party shall bear their own costs.