NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 22 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PEDRO CALEL-GOMEZ; MARIA ESTELA HERNANDEZ DE CALEL, <br><br> Petitioners, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | Nos.  14-71272 <br> 14-73649 <br><br> Agency Nos.  A071-590-089 <br> A088-487-404 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 19, 2019[**]

Before:  FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

In these consolidated petitions, Pedro Calel-Gomez and Maria Estela

Hernandez de Calel, natives and citizens of Guatemala, petition for review of the

Board of Immigration Appeals' ("BIA") order dismissing their appeal from an

immigration judge's decision denying their applications for asylum, withholding of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal, and relief under the Convention Against Torture ("CAT") (petition No. 14-71272) and of the BIA's order denying their motion to reopen removal proceedings (petition No. 14-73649). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings and review for abuse of discretion the BIA's denial of a motion to reopen. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny the petitions for review.

As to petition No. 14-71272, even considering petitioners' status as indigenous persons and Hernandez de Calel's proposed particular social group, substantial evidence supports the agency's determination that petitioners failed to establish a well-founded fear of future persecution on account of a protected ground. *See Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account of* his membership in such group" (emphasis in original)); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, petitioners' asylum and withholding of removal claims fail.

Substantial evidence also supports the agency's denial of CAT relief because

petitioners failed to establish that it is more likely than not they would be tortured by or with the consent or acquiescence of the Guatemalan government. *See Alphonsus v. Holder*, 705 F.3d 1031, 1049 (9th Cir. 2013) (despite "troubling country reports," evidence did not compel the conclusion that it was more likely than not that petitioner would be tortured upon return), *abrogated on other grounds by Guerrero v. Whitaker*, 908 F.3d 541 (9th Cir. 2018).

We reject petitioners' contention that the BIA failed to address adequately their evidence or to explain its decision. *See Najmabadi,* 597 F.3d at 990 (the BIA "does not have to write an exegesis on every contention"). We also reject petitioners' contention that the BIA applied the wrong legal standard to their asylum claims.

As to petition No. 14-73649, the BIA did not abuse its discretion in denying the motion to reopen where petitioners failed to present previously unavailable and material evidence. *See* 8 C.F.R. § 1003.2(c); *see also Najmabadi,* 597 F.3d at 987-990 (evidence must be "qualitatively different" to warrant reopening).

**PETITIONS FOR REVIEW DENIED.**