**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NIGEL NICHOLAS DOUGLAS, | No. 18-72879 |
| Petitioner, | Agency No. A041-930-598 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 18, 2019**

Before: FARRIS, TASHIMA, and NGUYEN, Circuit Judges.

Nigel Nicholas Douglas, a native and citizen of Guyana, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying relief from removal. We

have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law and

review for abuse of discretion the denial of a continuance. *Ahmed v. Holder*, 569

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 1009, 1012 (9th Cir. 2009). We review for abuse of discretion the agency's particularly serious crime determination and review for substantial evidence the denial of relief under the Convention Against Torture ("CAT"). *Konou v. Holder*, 750 F.3d 1120, 1124, 1127 (9th Cir. 2014). We deny the petition for review.

As a threshold matter, we grant Douglas's motion to file a substitute or corrected brief (Docket Entry No. 39) and have considered the brief.

The agency did not err in applying the definitions in the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") to determine that Douglas's 1994 conviction for conspiracy to distribute and possess with intent to distribute cocaine base under 21 U.S.C. § 846 made him removable and ineligible for relief. *See Becker v. Gonzales*, 473 F.3d 1000, 1002 (9th Cir. 2007) (the effective date provision of IIRIRA applies regardless of the date of the commission of the crime (citations omitted)). The BIA did not err in addressing removability, where Douglas attached a "Petition to dismiss all section 237 violations alleged in the notice to appear" to his appeal brief, and where the IJ determined Douglas was removable on four removability grounds under INA § 237.

The agency properly determined that Douglas's conviction under 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(iii) and 18 U.S.C. § 2 is an aggravated felony under 8 U.S.C. § 1101(a)(43)(B), where 21 U.S.C. § 846 is an offense under the Controlled Substances Act punishable by more than one year imprisonment. *See*

*Moncrieffe v. Holder*, 569 U.S. 184, 188 (2013) (a conviction under the Controlled Substances Act [21 U.S.C. § 801 *et seq.*] that is punishable by more than one year imprisonment is an aggravated felony for immigration purposes); 21 U.S.C. § 846 ("Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."); 21 U.S.C. § 841(b)(1)(A)(iii) (conviction under § 841(a) involving 280 grams or more of cocaine base punishable by no less than 10 years). Contrary to Douglas's contention, the agency did not err in not applying a categorical or modified categorical analysis to his statute of conviction to determine that it is an aggravated felony. *See Moncrieffe*, 569 U.S. at 188. Accordingly, the agency did not err or violate due process in determining that Douglas is removable and ineligible for asylum and a § 212(h) waiver. *See* 8 U.S.C. §§ 1227(a)(2)(A)(iii), 1158(b)(2)(B)(i), 1182(h); *Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice.").

Because the agency properly determined Douglas's conviction is an aggravated felony under 8 U.S.C. § 1101(a)(43)(B), we need not address his contentions regarding whether it also qualifies as an aggravated felony under 8 U.S.C. § 1101(a)(43)(U). *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir.

18-72879

2004) (the courts and the agency are not required to make findings on issues the decision of which is unnecessary to the results).

The agency did not err in determining the § 212(h) waiver aggravated felony bar applies to Douglas, where he had fraudulently obtained lawful permanent resident status. *See Hing Sum v. Holder*, 602 F.3d 1092, 1096 (9th Cir. 2010) (determining that for purposes of a § 212(h) waiver, the term "admission" refers to procedurally regular admission and not substantively lawful admission). The record does not support Douglas's contention that he was admitted only in temporary status.

The agency did not abuse its discretion in denying Douglas's request for a continuance to allow his brother to file a visa petition on his behalf, where the agency properly determined that even with an approved visa, Douglas would still not be eligible for a § 212(h) waiver because of his aggravated felony conviction. *See Ahmed*, 569 F.3d at 1012 (factors to consider when reviewing the denial of a continuance include the nature of the evidence excluded).

We are not persuaded by Douglas's contention that the "danger to the community" portion of the particularly serious crime analysis at 8 U.S.C. § 1231(b)(3)(B)(ii) is unconstitutionally vague, where the standard does not require a separate determination to address whether an alien is a danger to the community, *see Anaya-Ortiz v. Holder*, 594 F.3d 673, 679 (9th Cir. 2010), and where this court

has held that the "particularly serious crime" provision is not unconstitutionally vague, *see Guerrero v. Whitaker*, 908 F.3d 541, 545 (9th Cir. 2018).

The agency did not abuse its discretion in determining that Douglas's conviction is a particularly serious crime that makes him ineligible for withholding of removal, where it relied on the appropriate factors and proper evidence in reaching its conclusion. *See* 8 U.S.C. § 1231(b)(3)(B)(ii); *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015) (the court's review is limited to ensuring the agency relied on the appropriate factors and proper evidence in its particularly serious crime determination).

Substantial evidence supports the agency's denial of relief under the CAT, where Douglas failed to show it was more likely than not he would face torture in Guyana by or with the acquiescence of the government in Guyana. *See* 8 C.F.R. § 1208.16(c)(2); *cf. Bromfield v. Mukasey*, 543 F.3d 1071, 1074, 1079 (9th Cir. 2008) (record compelled a conclusion that the Jamaican government acquiesced to torture of homosexual men, where there was evidence that officials were directly responsible for abuses, there was widespread violence against homosexual men, and the government stated it would not be pressured into changing anti-homosexual laws). Douglas's contention that the agency ignored or mischaracterized evidence, or applied the wrong legal standard, is not supported by the record. The IJ's reference to Mexico in its decision is a clerical error and does

not reflect an improper review of Douglas's claim.

**PETITION FOR REVIEW DENIED.**