**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MANUEL DIAZ NAVARRO

Petitioner,

v.

WILLIAM BARR, Attorney General

Respondent.

No. 18-72249

Agency No. 073-833-519

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 6, 2020,[**]
Pasadena, California

Before: WATFORD and BENNETT, Circuit Judges, and RAKOFF,[***] District

Judge.

Manuel Diaz Navarro petitions for review of an order of the Board of

Immigration Appeals (BIA) affirming the decision of an Immigration Judge (IJ)

---

[*]        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.
[**]        The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).
[***]        The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

denying his claims for asylum, for withholding of removal, and for protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252.

The BIA's determination that Diaz Navarro was not more likely than not to be tortured on return to Mexico, barring him from CAT relief, was supported by substantial evidence. Most importantly, Diaz Navarro has not demonstrated that he experienced relevant past torture, 8 C.F.R. § 1208.16(c)(3)(i), the "principal factor" for determining whether future torture is likely. *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1080 (9th Cir. 2015). Specifically, the BIA's conclusion that Diaz Navarro did not experience past torture because he "did not sufficiently establish that his attackers were police or government actors," represented a reasonable view of the facts given the threats Diaz Navarro received from cartel members and his own uncertainty about the identity of his attackers. As such, the BIA's finding is binding on this panel. *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017) ("Factual findings are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.").

The BIA's assessment of the remaining evidence of the likelihood of future torture was equally reasonable and based in the record. First, the BIA's conclusion that any risk of future torture was mitigated by Diaz Navarro's ability to relocate, 8

2

C.F.R. § 1208.16(c)(3)(ii), was rational based on his prior relocation to La Paz. Second, the BIA's conclusion that the passage of time reduced the future risk of torture was reasonable given the likely impact nine years has had on his attackers' continued interest in harming him. *See Matter of W-G-R-*, 26 I. & N. Dec. 208, 224–25 (BIA 2014). Consideration of the passage of time was appropriate under 8 C.F.R. § 1208.16(c)(3), which requires consideration of "all evidence relevant to the possibility of future torture." Finally, the BIA's conclusion that the State Department's country conditions report could not save Diaz Navarro's CAT application because it did not demonstrate a "particularized" threat to Diaz Navarro was reasonable. *Almaghzar v. Gonzales*, 457 F.3d 915, 922–23 (9th Cir. 2006). In short, the BIA's conclusion that it was not more likely than not that Diaz Navarro would be tortured upon returning to Mexico was supported by substantial evidence.

As for Diaz Navarro's other arguments, the court need not address Diaz Navarro's argument that the requirement that asylum seekers file an application within one year of their entry into the United States, 8 U.S.C. § 1158(a)(2)(B), (D), violates international law. This is because the BIA, in addition to finding that his asylum application was untimely, found that Diaz Navarro was statutorily ineligible for asylum because his 2006 conviction for robbery is categorically an

3

aggravated felony theft offense, 8 U.S.C. § 1101(a)(43)(G), and therefore a *per se* particularly serious crime barring his asylum claim. 8 U.S.C. §§ 1158(b)(2)(A)(ii), 1158(b)(2)(B)(i). Diaz Navarro waived any challenge to this finding by omitting it from his brief, *see Delgado-Hernandez v. Holder*, 697 F.3d 1125, 1126 n.1 (9th Cir. 2012), and Diaz Navarro's asylum claim is accordingly barred regardless of the one-year limit.

Finally, the court rejects Diaz Navarro's argument that the "particularly serious crime" provision of the Immigration and Nationality Act  U.S.C. § 1231(b)(3)(B)(ii), is void for vagueness. This court recently held "that the 'particularly serious crime' provision is not unconstitutionally vague on its face" because it "applies *only* to real-world facts." *Guerrero v. Whitaker*, 908 F.3d 541, 545 (9th Cir. 2018). The particularly serious crime standard is similarly not unconstitutionally vague as applied to Diaz Navarro because the IJ, whose reasoning the BIA adopted, applied it to the "real-world facts" of Diaz Navarro's conviction for robbery, including consideration of Diaz Navarro's own testimony and the record of his conviction, and properly concluded that this gang robbery involving force was a particularly serious crime.

**PETITION DENIED.**