NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 15 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ISIDRO SUAREZ GARCIA,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No. 17-72866

Agency No. A200-251-673

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 7, 2020[**]

Before: TASHIMA, BYBEE, and WATFORD, Circuit Judges.

Isidro Suarez Garcia, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for withholding of

removal and relief under the Convention Against Torture ("CAT"). We have

jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the agency's

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

particularly serious crime determination and denial of a motion to remand. *Konou v. Holder*, 750 F.3d 1120, 1127 (9th Cir. 2014); *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005). We review for substantial evidence the denial of relief under CAT. *Konou*, 750, F.3d at 1124. We review de novo questions of law, including claims of due process violations. *Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014).

Suarez Garcia's contention that the "particularly serious crime" provision of the Immigration and Nationality Act, 8 U.S.C. § 1231(b)(3)(B)(ii), is unconstitutionally vague on its face is foreclosed by *Guerrero v. Whitaker*, 908 F.3d 541, 545 (9th Cir. 2018) (statutory phrase "particularly serious crime" is not unconstitutionally vague).

The agency did not abuse its discretion in determining that Suarez Garcia's California Health and Safety Code § 11351.5 conviction is a particularly serious crime that bars him from withholding of removal. The agency correctly determined that drug trafficking crimes are presumed to be particularly serious and relied on the appropriate factors and proper evidence in concluding Suarez Garcia failed to rebut that presumption. *See* 8 U.S.C. § 1231(b)(3)(B)(ii) (an applicant convicted of a particularly serious crime is ineligible for withholding of removal); *Arbid v. Holder*, 700 F.3d 379, 385 (9th Cir. 2012) (no abuse of discretion in a particularly serious crime determination where the agency reviewed the conviction

and related records); *see also Miguel-Miguel v. Gonzales*, 500 F.3d 941, 949 (9th Cir. 2007) (recognizing the "strong presumption" that drug trafficking offenses are particularly serious).

Substantial evidence supports the agency's denial of CAT relief because Suarez Garcia failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (claims of possible torture were speculative).

The BIA did not abuse its discretion in declining to remand for the IJ to consider newly introduced evidence, where Suarez Garcia failed to show that the evidence is material to his case or that it was previously undiscoverable. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (no abuse of discretion in denial of motion to reopen where petitioner failed to introduce previously unavailable, material evidence). To the extent he contends the BIA violated due process in declining to consider the evidence, Suarez Garcia has not established prejudice from any alleged violation. *Pagayon v. Holder*, 675 F.3d 1182, 1191-92 (9th Cir. 2011) (no due process violation where petitioner could not show prejudice from the agency's rejection of corroborating evidence).

**PETITION FOR REVIEW DENIED.**