NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 4 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARVIN GEOVANI ZUNIGA JOHNSON, AKA Jose Pardo, AKA Marvin Zuniga, AKA Marvin G. Zuniga, AKA Marvin Geovani Zuniga, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No. 19-72382 <br><br> Agency No. A094-297-137 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 20, 2020[**]
Pasadena, California

Before: PAEZ and OWENS, Circuit Judges, and ENGLAND,[***] District Judge.

Petitioner Marvin Zuniga Johnson, a native and citizen of Honduras,

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable Morrison C. England, Jr., United States District Judge for the Eastern District of California, sitting by designation.

petitions for review of a decision by the Board of Immigration Appeals ("BIA"), which denied his withholding of removal claims and found him ineligible for withholding of removal due to a conviction for a particularly serious crime. We have jurisdiction under 8 U.S.C. § 1252. "We review the [BIA's] legal conclusions de novo and its factual findings for substantial evidence." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (citations omitted). We grant the petition for review and remand for further proceedings.

**1.** The BIA misapplied the legal standard when it failed to discuss dangerousness or provide a rationale for its determination that Zuniga Johnson's conviction under Cal. Penal Code § 261.5(c) was a particularly serious crime. "Whether the BIA applied the proper legal standard in determining whether [a petitioner's] crime was 'particularly serious' raises a question of law." *Blandino-Medina v. Holder*, 712 F.3d 1338, 1342–43 (9th Cir. 2013).

"An alien is ineligible for withholding of removal if 'the alien, having been convicted by a final judgment of a particularly serious crime is a danger to the community of the United States.'" *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015) (quoting 8 U.S.C. § 1231(b)(3)(B)(ii)).[1] When assessing

---

[1] Aggravated felonies resulting in a sentence of at least five years imprisonment are *per se* particularly serious crimes. 8 U.S.C. § 1231(b)(3)(B)(iv). Because a conviction under § 261.5(c) is not an aggravated felony, *Esquivel-Quintana v. Sessions*, 137 S. Ct. 1562, 1568 (2017), and Zuniga Johnson was sentenced to one year of imprisonment, his conviction is not a *per se* particularly serious crime.

whether a conviction is for a particularly serious crime, the BIA uses the multifactor test from *Matter of Frentescu*, 18 I. & N. Dec. 244 (BIA 1982). Although dangerousness is no longer analyzed as a separate factor, *Anaya-Ortiz v. Holder*, 594 F.3d 673, 679 (9th Cir. 2010), the other factors must "justify the presumption that the convicted immigrant is a danger to the community." *Delgado v. Holder*, 648 F.3d 1095, 1107 (9th Cir. 2011) (en banc).

The BIA discussed the *Frentescu* factors, but never mentioned dangerousness nor explained how the other factors justified a presumption that Zuniga Johnson presented a danger to the community. Therefore, we grant the petition for review and remand to the BIA to address whether "the nature of the conviction, the circumstances and underlying facts of the conviction, [and] the type of sentence imposed" justify a presumption of dangerousness. *Id.* at 1107 (quoting *Matter of Frentescu*, 18 I. & N. Dec. at 247); *see also Alphonsus v. Holder*, 705 F.3d 1031, 1045 (9th Cir. 2013) (explaining that the BIA must "adequately elucidate[e] [a] rationale for applying the particularly serious crime bar"), *abrogated on other grounds by Guerrero v. Whitaker*, 908 F.3d 541 (9th Cir. 2018).

**2.** As to the BIA's alternative ruling, it failed to consider evidence in the record that directly contradicts part of its rationale for denying withholding of removal based on an imputed political opinion or particular social group.

"[M]isstating the record and failing to mention highly probative or potentially dispositive evidence" indicates that the BIA failed to consider evidence. *Cole v. Holder*, 659 F.3d 762, 771–72 (9th Cir. 2011). "[W]here potentially dispositive testimony and documentary evidence is submitted, the BIA must give reasoned consideration to that evidence." *Id.* at 772; *see also Vitug v. Holder*, 723 F.3d 1056, 1064 (9th Cir. 2013) ("[T]he BIA abuses its discretion where it ignores arguments or evidence.").

The BIA misstated the record when it repeated the IJ's findings that there have been no threats "against [Zuniga Johnson] or his family in particular," and that "none of this violence was inflicted on [his] immediate family members, such as his parents or sisters." The record, however, contains a declaration from Zuniga Johnson's mother, explaining that she was raped and received a death threat due to her political activity in Honduras.

The BIA's failure to discuss this "highly probative" evidence limits our ability to review whether substantial evidence supports the BIA's denial of withholding of removal based on an imputed political opinion or particular social group. We therefore grant the petition for review and remand to the BIA to address in the first instance the weight and impact of Zuniga Johnson's mother's declaration.

**PETITION FOR REVIEW GRANTED AND REMANDED.**