NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| FRANCISCO GALEANA, AKA Francisco Galenana, AKA Francisco Galerna,<br><br>        Petitioner,<br><br>  v.<br><br>JEFFREY A. ROSEN, Acting Attorney General,<br><br>        Respondent. | No.    18-71900<br><br>Agency No. A208-836-693<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 8, 2020[**]
Pasadena, California

Before:  THOMAS, Chief Judge, O'SCANNLAIN, Circuit Judge, and EZRA,[***] District Judge.

Petitioner Francisco Galeana ("Petitioner") is a native and citizen of Mexico.

---

  [*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [**]        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

  [***]        The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

He petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal from the decision of an Immigration Judge ("IJ") denying his application for withholding or deferral of removal pursuant to the Immigration and Nationality Act ("INA") and related relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review. Because the parties are familiar with the facts and history of this matter, we need not recount them here.

The BIA did not abuse its discretion in determining that Petitioner's particular conviction for second degree robbery in violation of California Penal Code § 211/212.5 constitutes a particularly serious crime ("PSC"). A PSC is a crime which "justif[ies] the presumption that the convicted immigrant is a danger to the community." *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015) (quoting *Delgado v. Holder*, 648 F.3d 1095, 1107 (9th Cir. 2011)). Upon consideration of "(1) the nature of the conviction, (2) the type of sentence imposed, and (3) the circumstances and underlying facts of the conviction," the BIA appropriately determined that Petitioner failed to demonstrate that the offense is not particularly serious. *Bare v. Barr*, 975 F.3d 952, 961 (9th Cir. 2020) (internal quotation marks and citations omitted).

"[T]he proper focus for determining whether a crime is particularly serious is on the nature of the crime and not the likelihood of future serious misconduct."

2

*Alphonsus v. Holder*, 705 F.3d 1031, 1041 (9th Cir. 2013), *abrogated on other grounds as recognized in Guerrero v. Whitaker*, 908 F.3d 541 (9th Cir. 2018). "[O]nce an individual is found to have been convicted for committing a particularly serious crime . . . the individual is irrebuttably presumed to be a danger." *Gomez-Sanchez v. Sessions*, 892 F.3d 985, 991 (9th Cir. 2018).

Like the IJ, the BIA did not disregard Petitioner's credible testimony but rather found that testimony insufficient to prove the crime is not particularly serious. *Cf. Avendano-Hernandez*, 800 F.3d at 1076–78 (noting the BIA found applicant's evidence insufficient to reduce the seriousness of her crime, not that the BIA mischaracterized the facts and circumstances). We cannot "reweigh the evidence" to reach a different conclusion about the seriousness of Petitioner's crime. *Id.* at 1076.

The BIA's consideration of Petitioner's mental illness is also consistent with the Ninth Circuit's recent decision in *Gomez-Sanchez*, 892 F.3d 985. Under *Gomez-Sanchez*, the BIA cannot treat evidence of mental health as "categorically irrelevant" to a PSC determination when the petitioner "claim[s] that his violent act was a result of his mental illness." *Id.* at 989, 996. Petitioner, however, presented no evidence directly attributing the robbery to his bipolar disorder. *Gomez-Sanchez* is, therefore, inapplicable. Having committed a particularly serious crime, Petitioner was properly deemed ineligible for withholding of

3

removal under the INA.  8 U.S.C. § 1231(b)(3)(B)(ii).

Additionally, substantial evidence supports the BIA's determination that Petitioner failed to establish a clear probability that he would be subject to torture in a mental institution if removed to Mexico as required for a deferral of removal under the CAT.  8 C.F.R. § 1208.17(d)(3).  "'[T]o constitute torture, an act must be *specifically intended* to inflict severe physical or mental pain or suffering.'" *Villegas v. Mukasey*, 523 F.3d 984, 988 (9th Cir. 2008) (quoting 8 C.F.R. § 1208.18(a)(5)) (emphasis in case but not regulation).  Petitioner's theory of events that may lead to mistreatment in a Mexican mental institution did not demonstrate that he would likely be "subject to a *particularized threat* of torture." *Dhital v. Mukasey*, 532 F.3d 1044, 1051–52 (9th Cir. 2008) (emphasis in original) (internal quotation marks and citations omitted).  No "reasonable adjudicator would be compelled to conclude to the contrary."  8 U.S.C. § 1252(b)(4)(B).

Likewise, substantial evidence supports the BIA's conclusion that Petitioner did not establish a clear probability that he would be identified as a gang member by his tattoos and tortured with the acquiescence of a Mexican government official on that basis.  The BIA properly concluded that Petitioner's lengthy chain of hypothetical events was too speculative to demonstrate a clear probability of torture with governmental acquiescence.  *See Medina-Rodriguez v. Barr*, 979 F.3d 738, 750–51 (9th Cir. 2020).

**PETITION DENIED.**