**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT



FILED

MAR 3 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| Erick Mercado Arechiga, | No. 21-243 |
| Petitioner, | Agency No. A075-486-845 |
| v. | |
| Merrick B. Garland, U.S. Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 15, 2023
San Francisco, California

Before: S.R. THOMAS, MILLER, and SANCHEZ, Circuit Judges.
Partial Concurrence and Partial Dissent by Judge MILLER.

Erick Mercado Arechiga, a native and citizen of Mexico, petitions for review

of a Board of Immigration Appeals ("BIA") decision denying his appeal from an

immigration judge's ("IJ") decision denying him asylum, withholding of removal,

and relief under the Convention Against Torture ("CAT").

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

We have jurisdiction pursuant to 8 U.S.C. § 1252. Where, as here, the BIA both conducted its own analysis and affirmed the IJ's reasoning on the relevant issues, "our review 'is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted.'" *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006) (quoting *Cordon-Garcia v. I.N.S.*, 204 F.3d 985, 990 (9th Cir. 2000)). We "review for abuse of discretion the BIA's . . . determination that an individual was convicted of a particularly serious crime [('PSC')]." *Mairena v. Barr*, 917 F.3d 1119, 1124 n.4 (9th Cir. 2019). "In particular, we review whether 'the agency relied on the appropriate factors and proper evidence to reach [its] conclusion.'" *Flores-Vega v. Barr*, 932 F.3d 878, 884 (9th Cir. 2019) (alteration in original) (quoting *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015)).

Generally, "if a petitioner wishes to preserve an issue for appeal, he must first raise it in the proper administrative forum." *Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004) (quoting *Tejeda-Mata v. I.N.S.*, 626 F.2d 721, 726 (9th Cir. 1980)). However, "we retain jurisdiction to review due process challenges" that are not based on "correctable procedural errors," and we review due process challenges de novo. *Agyeman v. I.N.S.*, 296 F.3d 871, 876–77 (9th Cir. 2002).

Because the parties are familiar with the factual and procedural history of the case, we discuss them only as necessary. We grant and remand in part, dismiss in part, and deny in part the petition for review.

I

The IJ and BIA abused their discretion in finding that Mercado Arechiga committed a PSC. When determining whether a noncitizen committed a particularly serious crime, an immigration court must consider "the circumstances and underlying facts of the conviction." *Bare v. Barr*, 975 F.3d 952, 961 (9th Cir. 2020) (quoting *Blandino-Medina v. Holder*, 712 F.3d 1338, 1347–48 (9th Cir. 2013). The IJ and BIA improperly limited their analysis of the underlying facts of Mercado Arechiga's crime to "the information filed in the criminal case, which simply restated the statutory definition of the crime with the victim's name inserted." *Flores-Vega*, 932 F.3d at 885. An immigration court's particularly serious crime determination "cannot rest solely on the elements of conviction." *Id.*; *see also Guerrero v. Whitaker*, 908 F.3d 541, 545 (9th Cir. 2018) ("Critically, the 'particularly serious crime' inquiry . . . applies *only* to real-world facts. [It] . . . requires the BIA to assess what the [noncitizen] actually did.") (emphasis in original). The only evidence in the record of the individual facts of Mercado Arechiga's burglary conviction was his own undisputed testimony that the house

3

he burglarized was unoccupied, which the IJ and BIA disregarded. This amounted to abuse of discretion. *See id.* at 885–86 (holding that finding a PSC was an abuse of discretion when the BIA ignored the petitioner's explanation of the crime, even though the petitioner's "own account of the crime was not found credible"). Accordingly, this portion of the petition is granted and remanded to the BIA for analysis under *Flores-Vega*.

## II

Mercado Arechiga's notice of appeal to the BIA indicated only that he was challenging the IJ's determinations related to his withholding claim—not those related to his CAT claim. Mercado Arechiga thus did not "raise" his CAT claim "in the proper administrative forum," and this portion of the petition is dismissed for a lack of jurisdiction. *See Barron*, 358 F.3d at 677.

## III

We dismiss in part and deny in part the portions of the petition claiming due process violations. Mercado Arechiga did not argue to the BIA that the IJ failed to help him develop the record properly and misstated the rules regarding hearsay evidence. However, if asked, the BIA could have considered both of these issues, and the BIA could have remanded if Mercado Arechiga showed the IJ's performance was deficient. Thus, we lack jurisdiction to consider these due

4

process arguments, and this part of the petition is dismissed. *See id*. at 676, 678 (we could not review petitioners' claims, never raised below, that the IJ denied them the opportunity to present their case when the IJ proceeded to hear their case even though their attorney failed to appear for their hearing).

As to Mercado Arechiga's expert witness, the IJ granted Mercado Arechiga two continuances to allow him to secure this witness's attendance, and the IJ tried to call the witness several times. The IJ's efforts were sufficient for due process, so this part of the petition is denied. *See Benedicto v. Garland*, 12 F.4th 1049, 1059–60 (9th Cir. 2021) ("While the continuances did not produce [witnesses] willing to testify on [the noncitizen's] behalf, that is not a requirement for due process. The IJ did not *refus[e]* to permit [witnesses] to develop the record . . . .") (alteration in original) (internal quotation marks omitted and emphasis in original).

**PETITION GRANTED AND REMANDED IN PART, DISMISSED IN PART, AND DENIED IN PART.**

*Mercado Arechiga v. Garland*, No. 21-243

MILLER, Circuit Judge, concurring in part and dissenting in part:

I agree that Mercado Arechiga did not exhaust his CAT claim and that his only exhausted due process claim lacks merit. Unlike the court, however, I believe that the Board of Immigration Appeals did not abuse its discretion in determining that Mercado Arechiga's California burglary offense was a particularly serious crime. I would deny the petition for review with respect to that issue.

Our review of particularly-serious-crime determinations is narrow: We are "limited to ensuring that the agency relied on the 'appropriate factors'" and that it did not consider improper evidence. *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015) (quoting *Anaya-Ortiz v. Holder*, 594 F.3d 673, 676 (9th Cir. 2010)). "We may not reweigh the evidence and reach our own determination about the crime's seriousness." *Id.*

The Board correctly articulated the "appropriate factors." It stated that "[a] determination whether a respondent has been convicted of a particularly serious crime requires an examination, on a case-by-case basis, of the nature of the conviction, the sentence imposed, and the circumstances and underlying facts of the conviction." *See Bare v. Barr*, 975 F.3d 952, 961 (9th Cir. 2020) (setting out the same factors). It then applied those factors to Mercado Arechiga's offense.

1

Whether or not we would weigh the factors the same way that the Board did, we must uphold its decision.

Mercado Arechiga faults the Board for not saying more about the third factor, namely, the facts and circumstances of the offense. Specifically, he says that the Board should have discussed his assertion that no one was present in the house that he burglarized. Set aside that the only evidence for that assertion was his own testimony, and that the immigration judge found that he had not testified credibly. What exactly was there for the Board to say? It is obviously dangerous to break into a house and confront an angry inhabitant, so most burglars target empty houses. That Mercado Arechiga did the same does not make his crime particularly unusual or require special mention.

That is especially true because Mercado Arechiga did not focus on this aspect of his crime in his appeal to the Board. We have held that "[t]he agency need not engage in a lengthy discussion of every contention raised by a petitioner." *Hernandez v. Garland*, 52 F.4th 757, 768 (9th Cir. 2022). *A fortiori*, it need not write about contentions the petitioner has not bothered to discuss.

Our decision in *Flores-Vega v. Barr*, 932 F.3d 878 (9th Cir. 2019), does not require a different result. There, the Board had relied on the legally erroneous proposition that "the elements of the offense alone can establish that the offense, by its nature, qualifies as particularly serious." *Id.* at 885. Here, the Board said

2

nothing of the sort. To the contrary, it said that it had considered the facts and circumstances of the offense, and it found that they did not support Mercado Arechiga's position. Because we must uphold an agency's decision so long as its "path may reasonably be discerned," *Bowman Transp., Inc. v. Arkansas-Best Freight Sys., Inc.*, 419 U.S. 281, 286 (1974), I would take the Board at its word.