NOT FOR PUBLICATION

FILED

JUN 28 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE B. MONTUFAR ORANTES, | No. 21-1383 |
| Petitioner, | |
| v. | Agency No. A071-584-496 |
| MERRICK B. GARLAND, Attorney General | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2023[**]
Pasadena, California

Before: BYBEE and CHRISTEN, Circuit Judges, and VITALIANO,[***] District
Judge.

Jose B. Montufar Orantes is a native and citizen of Guatemala who entered

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Eric N. Vitaliano, Senior United States District Judge for the Eastern District of New York, sitting by designation.

the United States without inspection in 1990. He petitions for review of a decision of the Board of Immigration Appeals ("BIA") dismissing his appeal from an order of an immigration judge ("IJ") denying his applications for cancellation of removal, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction to review BIA decisions under 8 U.S.C. § 1252, except that pursuant to 8 U.S.C. § 1252(a)(2)(B)(i), we lack jurisdiction to review discretionary determination of the BIA to deny cancellation of removal based on hardship. We review factual findings adopted by the BIA for substantial evidence, while we review its legal conclusions de novo. *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020).

Montufar Orantes argues he is eligible for withholding of removal because he showed that he would likely suffer future persecution based on his membership in the particular social group ("PSG") "American families of Guatemalan descent." On appeal to the BIA, petitioner argued that the IJ erred in finding that his proffered group is not a cognizable PSG. But the BIA correctly concluded that this group fails to exhibit the requisite particularity and social distinction necessary to be a legally cognizable group. *See Reyes v. Lynch*, 842 F.3d 1125, 1138–40 (9th Cir. 2016); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1150–52 (9th Cir. 2010).

With regard to his claim for CAT protection, Montufar Orantes proffered no evidence beyond general reports of violence in Guatemala to support his claim.

While country conditions evidence alone can suffice to warrant CAT protection, the country conditions evidence petitioner presented demonstrated no particularized risk to him and does not compel the conclusion that he would be more likely than not to be tortured if returned to Guatemala. *See Alphonsus v. Holder*, 705 F.3d 1031, 1049 (9th Cir. 2013), *abrogation on other grounds recognized by Guerrero v. Whitaker*, 908 F.3d 541, 544 (9th Cir. 2018).

Last, we lack jurisdiction to review the BIA's decision denying Montufar Orantes' application for cancellation of removal. *Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (explaining that "absent a colorable legal or constitutional claim, [the court] lack[s] jurisdiction to review the BIA's discretionary determination that an alien failed to prove that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence"). Petitioner raises no colorable constitutional claim, as his only objections address the BIA's weighing of the evidence. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 929–30 (9th Cir. 2005). Accordingly, this claim is dismissed for lack of subject matter jurisdiction.

**PETITION DENIED IN PART AND DISMISSED IN PART.**