**NOT FOR PUBLICATION**

# FILED

UNITED STATES COURT OF APPEALS

DEC 7 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDUIN RENE MIRAMONTES, | No. 19-70433 |
| Petitioner, | Agency No. A095-681-973 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 20, 2020[**]
San Francisco, California

Before: NGUYEN, HURWITZ, and BRESS, Circuit Judges.

Eduin Rene Miramontes-Hernandez, a native and citizen of Mexico, applied

for adjustment of status under 8 U.S.C. § 1255(a) and a waiver of inadmissibility

under 8 U.S.C. § 1182(h). The Immigration Judge ("IJ") denied both applications,

and the Board of Immigration Appeals ("BIA") dismissed Miramontes-

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Hernandez's subsequent appeal. Miramontes-Hernandez now petitions for review. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. Miramontes-Hernandez argues that the immigration court lacked jurisdiction over his removal proceedings because his Notice to Appear ("NTA") failed to designate the court where the NTA would be filed, in violation of 8 C.F.R. §§ 1003.14(a) and 1003.15(b)(6). This argument is foreclosed by *Aguilar Fermin v. Barr*, which held that such a failure does not strip the immigration court of jurisdiction if a subsequent hearing notice provides the missing information. 958 F.3d 887, 894–95, 895 n.4 (9th Cir. 2020). Here, although the original NTA did not designate the immigration court, this error was cured by subsequent hearing notices.

2. Miramontes-Hernandez next argues that the BIA violated its duty of impartiality in *Matter of Bermudez-Cota*, 27 I. & N. Dec. 441 (BIA 2018), when it held that the immigration court could remedy a NTA that lacked information required by regulation. This argument is foreclosed by *Karingithi v. Whitaker*, 913 F.3d 1158 (9th Cir. 2019). In *Karingithi*, we found that *Bermudez-Cota* "reflect[ed] the agency's fair and considered judgment." 913 F.3d at 1161 (quoting *Lezama-Garcia v. Holder*, 666 F.3d 518, 525 (9th Cir. 2011)).

3. Finally, Miramontes-Hernandez argues that the phrase "violent or dangerous crimes" in 8 C.F.R. § 1212.7(d) is unconstitutionally vague under *Sessions v.*

2

*Dimaya*, 138 S. Ct. 1204 (2018). But *Dimaya*'s reasoning does not apply to § 1212.7(d).

*Dimaya* held that 18 U.S.C. § 16(b)[1] was unconstitutionally vague. 138 S. Ct. at 1216. Section 16(b) defines a "crime of violence" as "any other offense that is a felony and that, *by its nature*, involves a *substantial risk* that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16(b) (emphasis added). The Supreme Court held that two features of §16(b) combined to create "'hopeless indeterminacy,' inconsistent with due process." *Dimaya*, 138 S. Ct. at 1213 (quoting *Johnson v. United States*, 576 U.S. 591, 598 (2015)). First, the clause "calls for a court to identify a crime's 'ordinary case' in order to measure the crime's risk." *Id.* at 1215. This "ordinary case," according to the Court, is "an excessively 'speculative,' essentially inscrutable thing." *Id.* (quoting *Johnson*, 576 U.S. at 597). Second, the "substantial risk" standard was uncertain. *Id.* Importantly, the uncertainty of the "substantial risk" standard alone did not make § 16(b) vague. *Id.* Rather, "[t]he difficulty comes . . . from applying such a standard to . . . 'an idealized ordinary

[1] The Immigration and Nationality Act incorporates 18 U.S.C. § 16(b) into its aggravated felony deportability ground at 8 U.S.C. § 1227(a)(2)(A)(iii). *See* 8 U.S.C. § 1101(a)(43) (defining aggravated felonies and including crime of violence at § 1101(a)(43)(F)).

case of the crime.'  It is then that the standard ceases to work in a way consistent with due process."  *Id.* at 1215–16 (quoting *Johnson*, 576 U.S. at 604).

Rather than identifying an "ordinary case," section 1212.7(d) requires a determination of whether a particular crime is "violent or dangerous" based on the facts of the case.  *See Torres-Valdivias v. Lynch*, 786 F.3d 1147, 1151–52 (9th Cir. 2015).  This difference is determinative because, as explained in *Dimaya*, we "'do not doubt' the constitutionality of applying § 16(b)'s 'substantial risk [standard] to real-world conduct.'"  138 S. Ct. at 1215 (alteration in original) (quoting *Johnson*, 576 U.S. at 604–05).  Section 1212.7(d) is therefore not unconstitutionally vague.  *See Guerrero v. Whitaker*, 908 F.3d 541, 545 (9th Cir. 2018) (holding that "particularly serious crime" within the meaning of 8 U.S.C. § 1231(b)(3)(B)(ii) was not unconstitutionally vague because the inquiry "applies *only* to real-world facts" so "the fatal combination at issue in . . . *Dimaya* is absent").

**PETITION DENIED.**