NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN PABLO GOMEZ-RANGEL, AKA Juan Pedro Gomez,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No.   17-70926<br><br>Agency No. A201-242-649<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 11, 2022[**]
San Francisco, California

Before:  W. FLETCHER and BUMATAY, Circuit Judges, and KANE,[***] District Judge.

Juan Pablo Gomez-Rangel ("Gomez-Rangel"), a native and citizen of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Yvette Kane, United States District Judge for the Middle District of Pennsylvania, sitting by designation.

Mexico, petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal from an order of the Immigration Judge ("IJ") denying his applications for withholding of removal, protection under the Convention Against Torture ("CAT"), and cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252 and deny in part and dismiss in part the petition.

"Where, as here, the BIA agrees with the IJ decision and also adds its own reasoning, we review the decision of the BIA and those parts of the IJ's decision upon which it relies." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027–28 (9th Cir. 2019). We review de novo constitutional and legal claims, including whether a group constitutes a cognizable particular social group, and review factual findings for substantial evidence. *Cordoba v. Barr*, 962 F.3d 479, 481–82 (9th Cir. 2020).

1.      Substantial evidence supports the agency's conclusion that Gomez-Rangel failed to establish that he is more likely than not to face a threat to life or freedom on account of a cognizable particular social group or any other protected ground. Gomez-Rangel failed to identify a particular social group for the IJ's consideration, and the BIA and IJ adequately addressed his claim that, upon returning to Mexico after several years, he will be targeted as "Americanized" and perceived as wealthy.[1] The agency properly invoked this court's precedent to find

---

[1] We discern no error in the BIA's failure to expressly reference Gomez-Rangel's assertion, not raised to the IJ, that he belongs to the particular social group of "Americanized Nationals." The BIA considered the underlying attributes of that

2

Gomez-Rangel did not establish the requisite nexus to a protected ground. *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010) (rejecting "returning Mexicans from the United States" as too broad to qualify as a cognizable social group); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (holding that "[a]n alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"); *see also Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1228–29 (9th Cir. 2016) (rejecting "imputed wealthy Americans," or "those who have the physical appearance and mannerisms of Americans," as cognizable social group).[2]

    2.    Substantial evidence supports the BIA's denial of CAT relief for Gomez-Rangel's failure to establish the requisite likelihood that he would face future torture. 8 C.F.R. § 1208.16(c)(2). He did not claim past torture and can potentially relocate to another part of Mexico. *Edu v. Holder*, 624 F.3d 1137, 1145 (9th Cir. 2010) (noting past torture is a principal factor); *Tamang v. Holder*, 598 F.3d 1083, 1095 (9th Cir. 2010) (noting ability to safely relocate is extremely important). The generalized evidence of violence in Mexico does not compel the

---

group as presented by Gomez-Rangel and was not required to consider a newly proposed group. *Matter of W-Y-C- & H-O-B-*, 27 I. & N. Dec. 189, 192–93 (BIA 2018) (refusing to consider proposed group "in the first instance on appeal").

[2] The court lacks jurisdiction to consider Gomez-Rangel's claim that he belongs to the particular social group of "Americanized Mexicans" because he did not propose that specific social group to the agency. 8 U.S.C. § 1252(d)(1).

3

conclusion that Gomez-Rangel is entitled to protection under CAT. *Alphonsus v. Holder*, 705 F.3d 1031, 1049 (9th Cir. 2013), *abrogated on other grounds as recognized in Guerrero v. Whitaker*, 908 F.3d 541 (9th Cir. 2018).

3.    We lack jurisdiction to review the agency's determination that Gomez-Rangel failed to establish exceptional and extremely unusual hardship to a qualifying relative for purposes of cancellation of removal. *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 929 (9th Cir. 2005).  We retain jurisdiction to consider colorable constitutional claims, *id.* at 930, but Gomez-Rangel alleges none.  His contentions that the IJ failed to distinguish case law and misapplied the facts of his case to the hardship standard do not give rise to colorable constitutional claims. *De Mercado v. Mukasey*, 566 F.3d 810, 815–16 (9th Cir. 2009); *cf. Arteaga-De Alvarez v. Holder*, 704 F.3d 730, 742 (9th Cir. 2012).  Finally, Gomez-Rangel's argument that the BIA acted arbitrarily, irrationally, and contrary to law is at bottom an abuse of discretion challenge beyond this court's review. *Bazua-Cota v. Gonzales*, 466 F.3d 747, 748–49 (9th Cir. 2006) (per curiam).

**PETITION DENIED IN PART AND DISMISSED IN PART.**