# Matter of D-M-C-P-, Applicant

*Decided August 5, 2015*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) Neither an Immigration Judge nor the Board of Immigration Appeals has jurisdiction to consider whether asylum-only proceedings were improvidently instituted pursuant to a referral under the Visa Waiver Program.

(2) It is improper to deem an application for relief abandoned based on the applicant's failure to comply with the biometrics filing requirement where the record does not reflect that the applicant received notification advisories concerning that requirement, was given a deadline for submitting the biometrics, and was advised of the consequences of his or her failure to comply.

FOR APPLICANT: Timothy R. Woods, Esquire, Baltimore, Maryland

BEFORE: Board Panel: COLE, PAULEY, and WENDTLAND, Board Members.

WENDTLAND, Board Member:

In a decision dated September 18, 2012, an Immigration Judge found that the applicant had abandoned his applications for asylum, withholding of removal, and protection under the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, *adopted and opened for signature* Dec. 10, 1984, G.A. Res. 39/46, 39 U.N. GAOR Supp. No. 51, at 197, U.N. Doc. A/RES/39/708 (1984) (entered into force June 26, 1987; for the United States Apr. 18, 1988) ("Convention Against Torture"). The applicant has appealed from that decision, arguing, as a threshold matter, that he was improvidently placed into asylum-only proceedings by the Department of Homeland Security ("DHS") because he had not been admitted under the Visa Waiver Program ("VWP"). The appeal will be sustained in part and dismissed in part, and the record will be remanded to the Immigration Judge for further proceedings.

## I. FACTUAL AND PROCEDURAL HISTORY

The following facts are not in dispute. The applicant is a native and citizen of Argentina who arrived in the United States on April 26, 1999. On May 9, 2011, the DHS issued an administrative order of removal

pursuant to section 217 of the Immigration and Nationality Act, 8 U.S.C. § 1187 (2006), based on the applicant's alleged violation of the conditions of his admission under the VWP. The applicant expressed a fear of returning to Argentina, and on June 23, 2011, his case was referred to the Immigration Court for asylum-only proceedings pursuant to 8 C.F.R. § 217.4 (2011).

During a July 6, 2011, master calendar hearing, the applicant argued that he had been improperly placed into asylum-only proceedings. He asked to be placed into removal proceedings so that he could pursue cancellation of removal under section 240A(b)(1) of the Act, 8 U.S.C. § 1229b(b)(1) (2006). The applicant also requested a continuance, explaining that he had filed a petition for review with the United States Court of Appeals for the Fourth Circuit challenging his placement into asylum-only proceedings.

The Immigration Judge denied the continuance request and directed the applicant to submit his application for asylum, which he filed during an August 3, 2011, master calendar hearing. The applicant then informed the Immigration Judge during a November 15, 2011, master calendar hearing that his petition for review had been dismissed by the Fourth Circuit because his administrative proceedings were still pending. An individual hearing was scheduled for August 30, 2012, and was later rescheduled for September 18, 2012. The applicant filed a motion to continue on September 4, 2012, requesting additional time for his attorney to prepare his case. That motion was denied by the Immigration Judge on September 6, 2012.

During the September 18, 2012, individual hearing, the DHS advised the Immigration Judge that the applicant's fingerprints had been taken the previous week but that there was insufficient time to process the required background and security clearances prior to the hearing. Consequently, the applicant requested a continuance. The Immigration Judge denied the motion for a continuance and found that the applicant had abandoned his applications for relief from removal.

## II. ANALYSIS

As a threshold matter, the applicant asserts that the Immigration Judge should have held that the DHS improvidently placed him into limited asylum-only proceedings because, contrary to the DHS's determination, he had not been admitted under the VWP. In addition, he argues that the Immigration Judge erred in finding that he had abandoned his applications for relief, even though he had his fingerprints taken 4 days prior to the

hearing.  Finally, the applicant contends that the Immigration Judge erred in denying his motion to continue the proceedings, which the DHS did not oppose on the day of the hearing, and he requests that the record be remanded to the Immigration Judge for further proceedings.

## A.  Jurisdiction

Pursuant to section 217(b) of the Act, the requirement that an alien seeking admission as a nonimmigrant must possess a valid nonimmigrant visa at the time of application for admission may be waived for an alien who agrees to waive any right

> (1)  to review or appeal under the Act of an immigration officer's determination as to the admissibility of the alien at the port of entry into the United States, or
> (2)  to contest, other than on the basis of an application for asylum, any action for removal of the alien.

Where an immigration officer determines that an individual is an applicant for admission under the VWP and is inadmissible, the applicant will be refused admission into the United States and removed, without referral to an Immigration Judge for a determination of deportability, except that an Immigration Judge has jurisdiction over any application for asylum, withholding of removal, or protection under the Convention Against Torture filed by the alien.  *See* 8 C.F.R. §§ 208.2(c)(1)(iii), (3)(i), 217.4(a), 1208.2(c)(1)(iii), (3)(i) (2015); *see also Matter of Kanagasundram*, 22 I&N Dec. 963 (BIA 1999).  Similarly, an individual who already has been admitted to the United States under the VWP and is determined by an immigration officer to be deportable from the United States will be removed to his or her country of nationality or last residence unless the applicant requests an opportunity to have a claim for asylum and related relief heard by an Immigration Judge.  *See* 8 C.F.R. §§ 208.2(c)(1)(iv), (3)(i), 217.4(b), 1208.2(c)(1)(iv), (3)(i).

The regulations expressly provide that in such referred asylum-only proceedings, the "scope of review . . . shall be limited to a determination of whether the alien is eligible for asylum or withholding or deferral of removal, and whether asylum shall be granted in the exercise of discretion," and "all parties are prohibited from raising or considering any other issues, including but not limited to issues of admissibility, deportability, eligibility for waivers, and eligibility for any other form of relief." 8 C.F.R. §§ 208.2(c)(3)(i), 1208.2(c)(3)(i); *see also Matter of A-W-*, 25 I&N Dec. 45, 46 n.1, 47−48 (BIA 2009); *cf.* 8 C.F.R. § 1003.19(h)(2)(ii) (2015) (stating explicitly that nothing in the regulation should "be

construed as prohibiting an alien from seeking a determination by an immigration judge that the alien is not properly included" within the category of aliens subject to mandatory detention).

Based on the foregoing limitations imposed by regulation and statute, we conclude that asylum-only proceedings present a significantly limited scope of issues for the Immigration Judge to review. In that regard, neither the Immigration Judge nor we have jurisdiction to consider whether such proceedings were improvidently instituted pursuant to a referral under the VWP program.[1]

We note that if jurisdiction to consider a challenge to the DHS's determination that an alien is or was a VWP applicant lies with any entity, it is with the Federal courts. Several courts of appeals have determined that they have jurisdiction to review removal orders issued by the DHS where a VWP entrant challenges the validity of the waiver of the right to contest removal except on the basis of an asylum claim. *Bingham v. Holder*, 637 F.3d 1040, 1043 (9th Cir. 2011) (finding jurisdiction to review a VWP entrant's final order of removal under section 242(a)(1) of the Act, 8 U.S.C. § 1252(a)(1) (2006)); *Bradley v. Att'y Gen. of U.S.*, 603 F.3d 235, 237 n.1 (3d Cir. 2010) (same); *Bayo v. Napolitano*, 593 F.3d 495, 500 (7th Cir. 2010) (en banc) (same); *see also McCarthy v. Mukasey*, 555 F.3d 459 (5th Cir. 2009).

## B. Biometrics Requirements

The applicant has also challenged the Immigration Judge's determination that he abandoned his applications for relief from removal. Under the governing regulations, applicants for asylum, withholding of removal, and protection under the Convention Against Torture are required to submit to identity, law enforcement, or security investigations or

---

[1] We acknowledge that in *Matter of Kanagasundram*, 22 I&N Dec. at 964−65, we held that an applicant's removal proceedings were properly terminated where section 217 of the Act required adjudication of his asylum application in proceedings commenced by the issuance of a Form I-863 (Notice of Referral to Immigration Judge), since he had been refused admission under the VWP. However, that case did not address whether the converse is true—namely, whether an Immigration Judge or the Board has authority to terminate proceedings commenced by a Form I-863 under the VWP provisions based on a determination that proceedings under section 240 of the Act, 8 U.S.C. § 1229a (2012), are required instead. It is therefore not inconsistent with the outcome we reach here. Moreover, *Kanagasundram* did not implicate a regulation such as 8 C.F.R. § 1208.2(c)(3)(i), which expressly limits jurisdiction by restricting the scope of the review that the Board or an Immigration Judge may undertake.

examinations, which include the submission of biometrics and other biographical information. *See* 8 C.F.R. § 1003.47(b)(1), (7), (d) (2015). According to the regulation at 8 C.F.R. § 1003.47(d),

> At any hearing at which [an applicant] expresses an intention to file or files an application for relief for which identity, law enforcement, or security investigations or examinations are required . . . , unless [the] DHS advises the immigration judge that such information is unnecessary in the particular case, [the] DHS shall notify the [applicant] of the need to provide biometrics and other biographical information and shall provide a biometrics notice and instructions to the [applicant] for such procedures. The immigration judge shall specify for the record when the [applicant] receives the biometrics notice and instructions, and the consequences for failing to comply with [these] requirements . . . .

Failure to comply with the biometrics requirement "within the time allowed" constitutes abandonment of the application, and the Immigration Judge may then dismiss the application, unless the applicant demonstrates that such failure was the result of good cause. 8 C.F.R. § 1003.47(c), (d).

We find additional guidance in an interim Operation Policies and Procedures Memorandum ("OPPM") issued by the Office of the Chief Immigration Judge, entitled "Background and Security Investigations in Proceedings before Immigration Judges and the Board of Immigration Appeals," which states the following:

> When [an applicant] states his or her intent to file an application for a covered form of relief, counsel for [the] DHS must provide [the applicant] with the DHS biometrics instructions form which will inform the [applicant] that he or she must mail a copy of his or her application to a specific DHS office in order to get a biometrics appointment, unless [the] DHS advises the Immigration Judge that such information is unnecessary in the particular case. The DHS will then request a reasonable period of time for (1) the [applicant] to comply with the DHS biometrics instructions, and (2) [the] DHS to initiate and complete the necessary background investigations and security checks.
>
> Thereafter, the Immigration Judge, on the record, must inform the [applicant]: (1) that the DHS has provided him or her with the biometrics instructions form; (2) of the date he or she must comply with those instructions; and (3) that failure to comply with those instructions or later provide biometrics or other biographical information to [the] DHS, without good cause, will constitute an abandonment of the application for relief and an order will be entered dismissing the application.

OPPM 05-03, at 3 (Mar. 28, 2005) (footnote omitted).

We note that the regulations and this memorandum are consistent with respect to the required instructions and advisals for covered forms of relief from removal. Considering these provisions together, we conclude that to

ensure that an asylum applicant receives proper notice of the biometrics requirements, the Immigration Judge should do all of the following on the record: (1) ensure that the DHS has advised the applicant of the need to provide biometrics and other biographical information and has furnished the appropriate instructions; (2) inform the applicant of the deadline for complying with the requirements of which he has been notified; and (3) inform the applicant of the consequences of noncompliance, including the possibility that the application will be deemed abandoned and dismissed, unless the failure to comply resulted from good cause.[2]

As to the amount of time that should be allowed for an applicant to comply with the biometrics instructions, there is no specific guidance in the regulations or the memorandum, which give the Immigration Judge discretion to make that determination on the basis of the individual circumstances of the case. According to the memorandum, the DHS will request a "reasonable period of time" for the applicant to comply with the instructions on the biometrics instruction form and for the completion of the necessary background investigations and security checks, presumably based on the particular factors in each case. OPPM 05-03, *supra*, at 3. The Immigration Judge should then set the deadline by which the applicant must comply with those instructions based on this request. In addition, the Immigration Judge should schedule the merits hearing for a date that affords the applicant "a reasonable period of time to comply with the DHS biometrics instructions and the DHS time to complete the background investigations and security checks." *Id*. at 3−4.

It is clear that the "deadline" that must be met by an applicant pertains to the timing of his own submission of his biometrics information to the DHS, not the timing of the DHS's subsequent completion of its investigations and checks, a matter that is largely outside the applicant's control. *Id.* at 4 (stating that if an applicant does not show good cause for noncompliance with the biometrics instructions, the Immigration Judge may deem the application abandoned, but permitting the DHS to seek a continuance if additional time is needed to complete the background investigations and security checks).

In this case, the applicant appeared at master calendar hearings on July 6, 2011, August 3, 2011, and November 15, 2011. At the conclusion of the November 15, 2011, hearing, the Immigration Judge set the case for an individual hearing on August 30, 2012, to adjudicate the applicant's applications for relief. A hearing notice reflects that the individual hearing

---

[2]  We conclude that the requirement to set forth a specific deadline is implicit in the regulatory language "within the time allowed." 8 C.F.R. § 1003.47(c), (d).

was reset to September 18, 2012. In his decision issued on that date, the Immigration Judge found that the DHS did not have an adequate opportunity to review the applicant's fingerprints and biometrics because the fingerprints had been taken only 4 days earlier. Accordingly, he determined that the applicant had abandoned his applications for relief by not expeditiously having his fingerprints taken.

The record does not reflect that the applicant received the notification advisories concerning the biometrics filing requirement, and there is no indication that he was either given a deadline for submitting the biometrics or advised of the consequences of failure to comply, including the possibility that his applications would be deemed abandoned. The regulations state that such notice and warnings must be given to the applicant and clearly suggest that "the time allowed" for compliance must be specified by the Immigration Judge. *See* 8 C.F.R. § 1003.47(c), (d); *accord* OPPM 05-03, *supra*, at 3. Under these circumstances, we conclude that the Immigration Judge improperly determined that the applicant abandoned his applications for relief from removal. Accordingly, the applicant's appeal in this regard will be sustained and the record will be remanded for further consideration of his applications.

Given our disposition in this case, we need not address the applicant's argument that the Immigration Judge erred in denying his motion to continue the proceedings.

**ORDER:** The applicant's appeal in regard to his placement in asylum-only proceedings is dismissed for lack of jurisdiction.

**FURTHER ORDER:** The applicant's appeal from the Immigration Judge's determination that he abandoned his applications for relief from removal is sustained.

**FURTHER ORDER:** The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.