[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13178
Non-Argument Calendar
_____

Agency No. A026-701-817


EBONY NASRINE DANIELLE PHILLIPS,
a.k.a. Ebony Danielle Beam,

                                                                    Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                                    Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(October 8, 2019)

Before MARTIN, NEWSOM and BLACK, Circuit Judges.

PER CURIAM:

On June 27, 2019, we issued an opinion dismissing Ebony Phillips' petition for review of the Board of Immigration Appeals' (BIA) final order of removal and denial of her application for adjustment of status pursuant to 8 U.S.C. § 1255, upon our determination that we lacked jurisdiction to consider the petition because it was not timely filed pursuant to 8 U.S.C. § 1252(b)(1). Before us now is the Government's motion to amend our opinion to reflect it withdrew its argument that Phillips' petition was untimely. Upon further review, Phillips timely filed her petition for review in the Fifth Circuit Court of Appeals, which then transferred the petition to our Court. Thus, we now VACATE our prior opinion of June 27, 2019, and issue this opinion in its place. We also DENY AS MOOT the Government's motion to amend.

Phillips, a native and citizen of the United Kingdom, seeks review of the BIA's final order of removal and denial of her application for adjustment of status pursuant to 8 U.S.C. § 1255. Phillips argues the Immigration Judge (IJ) and the BIA erred in concluding the IJ lacked jurisdiction to consider her application for adjustment of status while removal proceedings were pending against her. She contends that, since the Department of Homeland Security classified her as an admitted alien in her Notice to Appear (NTA), and not as an arriving alien, the IJ had jurisdiction to consider her application for adjustment of status, pursuant to 8 C.F.R. §§ 245.2(a)(1), (a)(2)(i), and 1245.2(a)(1)(i). She also argues the BIA erred

2

in determining she failed to comply with certain procedural requirements prior to raising a claim of ineffective assistance of counsel. After review,[1] we deny Phillips' petition.

## I. DISCUSSION

### A. Adjustment of Status

Pursuant to the Visa Waiver Program (VWP), aliens from certain countries may enter the United States for the purpose of business or pleasure, as nonimmigrant visitors, for no more than 90 days. 8 U.S.C. § 1187(a). Importantly, however, "[a]n alien may not be provided a waiver under the [VWP] program unless the alien has waived any right . . . to contest, other than on the basis of an application for asylum, any action for removal of the alien." *Id*. § 1187(b)(2).

"[A]n individual who already has been admitted to the United States under the VWP and is determined by an immigration officer to be deportable from the United States will be removed . . . unless the applicant requests an opportunity to have a claim for asylum and related relief heard by an Immigration Judge." *Matter of D-M-C-P-*, 26 I. & N. Dec. 644, 646 (BIA 2015). In such proceedings, the

---

[1] Because the BIA issued its own opinion in this case, we review the BIA's opinion. *Ruiz v. Gonzales*, 479 F.3d 762, 765 (11th Cir. 2007). As the BIA explicitly agreed with several findings of the IJ, we may review the decisions of the both the BIA and the IJ as to those issues. *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 948 (11th Cir. 2010). We review *de novo* questions of law. *Id.* Factual determinations are reviewed under the substantial-evidence test, which requires us to affirm the decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Id.*

3

"scope of review . . . shall be limited to a determination of whether the alien is eligible for asylum . . . and whether asylum shall be granted in the exercise of discretion," and, during such proceedings "all parties are prohibited from raising or considering any other issues, including but not limited to issues of admissibility, deportability, eligibility for waivers, and eligibility for any other form of relief."  8 C.F.R. §§ 208.2(c)(3)(i).  However, a VWP participant is permitted to apply for adjustment of status pursuant to an immediate relative petition.  8 U.S.C. §§ 1151(b)(2)(A)(i), 1255(c)(4).

The BIA committed no error in determining the IJ did not have jurisdiction over Phillips' adjustment-of-status claim.  Although Phillips was initially admitted to the United States in 1984 as a parolee pending adoption, she was never legally adopted, and so, when she returned from her trip to the United Kingdom in 2014, she was permitted to reenter the United States in 2014 as a VWP participant for 90 days.  Although she could have applied for adjustment of status during her 90-day window, *see* 8 U.S.C. §§ 1151(b)(2)A)(i), 1255(c)(4), she did not do so.  After her criminal convictions in 2017, she was issued an NTA charging her with removability based on those convictions and because she had remained in the United States longer than the VWP permitted.  At that point, she was precluded from applying for adjustment of status, and instead was limited to applying only for asylum and related relief.  *See* 8 U.S.C. § 1187(b)(2); *see also Bayo v.*

4

*Napolitano*, 593 F.3d 495, 507 (7th Cir. 2010) (en banc) (holding a VWP participant who had overstayed his 90-day VWP window was precluded from challenging his removal via a petition for adjustment of status). Although Phillips argues the IJ had jurisdiction to consider her adjustment-of status claim under 8 C.F.R. § 1245.2(a)(1)(i) because the NTA did not list her as an "arriving alien," that regulation does not expressly address VWP participants but concerns adjustment of status to persons admitted for permanent residence, and such an argument is irrelevant in light of the limitations to challenging removal as a VWP participant as provided for in 8 U.S.C. § 1187(b)(2).

B.  *Ineffective Assistance of Counsel*

In *Matter of Lozada*, the BIA held an alien must satisfy three procedural requirements in order to bring a claim of ineffective assistance of counsel. 19 I. & N. Dec. 637, 639 (BIA 1988). First, the alien must support her claim with an affidavit describing the ways in which counsel's performance was defective. *Id.* Second, counsel must be given notice of the ineffective assistance claim and an opportunity to respond to it. Third, the motion should state whether the alien has filed a complaint with the appropriate disciplinary bodies, and, if not, why she has failed to do so. *Id.* We have held the BIA may require aliens to satisfy the *Lozada* test before considering any ineffective assistance of counsel claim. *See Gbaya v. U.S. Att'y Gen.*, 342 F.3d 1219, 1222-23 (11th Cir. 2003). Although we have not

held an alien seeking to raise a claim of ineffective assistance of counsel must strictly comply with these procedural requirements, we have required aliens to *substantially* comply with them.  *See id.* at 1222 & n.2 (affirming the BIA's denial of the alien's ineffective-assistance-of-counsel claim for failure to comply with *Lozada*, where the alien did not submit an affidavit attesting to the relevant facts of his claim or provide his former counsel with notice and an opportunity to respond).

The BIA did not err in declining to consider Phillips' ineffective-assistance-of-counsel claim because she failed to comply with any of the procedural requirements as required by *Matter of Lozada*.  Specifically, Phillips did not present an affidavit detailing the relevant facts of her claim, did not give counsel notice or the opportunity to respond, and did not show that she had submitted a complaint with the appropriate disciplinary body.  *Matter of Lozada*, 19 I. & N. Dec. at 639.  The BIA did not err in requiring Phillips to satisfy the *Lozada* test before considering this claim.  *See Gbaya*, 342 F.3d at 1222-23.

## II.  CONCLUSION

Accordingly, our prior opinion of June 27, 2019, is VACATED, and this opinion is issued in its place.  Phillips' petition for review is DENIED.  The government's motion to amend is DENIED AS MOOT.

**PRIOR OPINION OF JUNE 27, 2019 VACATED AND PETITION DENIED.  THE GOVERNMENT'S MOTION TO AMEND DENIED AS MOOT.**