NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 16 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| XING CHEN, | No. 18-70886 |
| Petitioner, | Agency No. A213-082-873 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 9, 2020**
Pasadena, California

Before: KELLY,*** GOULD, and R. NELSON, Circuit Judges.

Petitioner Xing Chen petitions for review of a Board of Immigration

Appeals' (Board) final order of removal, dismissing his appeal of an Immigration

Judge's (IJ) decision that he had abandoned the opportunity to file an asylum

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

\*** The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

application and the situation did not warrant a third continuance. He contends that this court should remand the continuance denial in light of intervening case law. We have jurisdiction under 8 U.S.C. § 1252(a)(1). We deny the petition for review on the abandonment issue and dismiss it on the continuance denial. Because the parties are familiar with the underlying facts and procedure, we need not restate them here.

**STANDARD OF REVIEW**

Where, as here, the Board agrees with the IJ's decision, while adding additional reasoning, the court reviews both decisions together. *See Arteaga-De Alvarez v. Holder*, 704 F.3d 730, 735 (9th Cir. 2012). We review the determination that a petitioner abandoned his application for asylum for an abuse of discretion. *Taggar v. Holder*, 736 F.3d 886, 889 (9th Cir. 2013). An abuse of discretion may be found if the IJ acts "arbitrarily, irrationally, or contrary to law." *Chete Juarez v. Ashcroft*, 376 F.3d 944, 947 (9th Cir. 2004) (quoting *Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir. 2000)). Whether a petitioner has failed to exhaust a claim is a question of law reviewed de novo. *See Doe v. Regents of the Univ. of Cal.*, 891 F.3d 1147, 1152 (9th Cir. 2018).

## DISCUSSION

### A. Abandonment

The IJ did not abuse his discretion in finding that Mr. Chen had abandoned the opportunity to file an asylum application. All applications that are to be considered in a proceeding before an IJ must be filed with the immigration court. 8 C.F.R. § 1003.31(a). The IJ may set the time limit for filing and if an application is not filed within the time set, the opportunity to file the application "shall be deemed waived." 8 C.F.R. § 1003.31(c); *Taggar*, 736 F.3d at 889–90. Mr. Chen failed to complete his asylum application within both the initial deadline set by the IJ and an extended deadline.

Mr. Chen relies upon *Matter of D-M-C-P-*, 26 I. & N. Dec. 644 (BIA 2015), in arguing that the IJ erred by not warning him of the consequences of failure to complete the application by the hearing dates. However, *Matter of D-M-C-P-* involved a petitioner's failure to comply with the biometrics filing requirement under 8 C.F.R. § 1003.47(d), which requires the IJ to state the consequences of failure to comply with the requirement. 26 I. & N. Dec. 647–48. 8 C.F.R. § 1003.31 has no such requirement.

Mr. Chen's argument that the IJ erred in finding that he made no effort to complete his application fares no better. Mr. Chen did not make this argument in his administrative appeal, and therefore, this court has no jurisdiction to consider

3

this unexhausted claim.  8 U.S.C. § 1252(d)(1); *Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004) ("[T]he exhaustion of administrative remedies is a prerequisite to our jurisdiction.").

**B. Denial of motion for continuance**

Likewise, Mr. Chen's challenge to the IJ's denial of a continuance was not raised in his administrative appeal and so we lack jurisdiction to consider this unexhausted issue.  *See* 8 U.S.C. § 1252(d)(1); *Barron*, 358 F.3d at 677.

Accordingly, the petition for review is

**DISMISSED IN PART and DENIED IN PART.**