**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 14 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANGEL GARCIA,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No.   19-70631<br><br>Agency No. A072-522-163<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 11, 2021[**]
Pasadena, California

Before:  OWENS, R. NELSON, and BADE, Circuit Judges.

Angel Garcia, a native and citizen of Mexico, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

Immigration Judge's ("IJ") decision pretermitting his applications for withholding

of removal and protection under the Convention Against Torture for failure to

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

comply with the biometrics requirement. We grant the petition for review.

Garcia did not waive any challenge to the BIA's decision by failing to raise a relevant argument in his opening brief. *See Mamouzian v. Ashcroft*, 390 F.3d 1129, 1136 (9th Cir. 2004) ("We will not ignore the ultimate objective of [petitioner's] appeal . . . by parsing [his] brief's language in a hyper technical manner.").

The IJ abused its discretion when it pretermitted Garcia's applications for failure to comply with the biometrics requirement.

> [T]o ensure that an asylum applicant receives proper notice of the biometrics requirements, the Immigration Judge should do all of the following on the record: (1) ensure that the DHS has advised the applicant of the need to provide biometrics and other biographical information and has furnished the appropriate instructions; (2) inform the applicant of the *deadline* for complying with the requirements of which he has been notified; and (3) inform the applicant of the consequences of noncompliance, including the possibility that the application will be deemed abandoned and dismissed, unless the failure to comply resulted from good cause.

*Matter of D-M-C-P-*, 26 I. & N. Dec. 644, 648-49 (BIA 2015) (emphasis added) (interpreting 8 C.F.R. § 1003.47(c)-(d)). In *Gonzalez-Veliz v. Garland*, we held that a petitioner had adequate notice of the biometrics requirement when she was advised twice to complete them "before the next hearing." No. 19-72090, 2021 WL 1743585, at *6 (9th Cir. May 4, 2021). Here, however, Garcia did not receive adequate notice of the requirement because the IJ did not provide a deadline by which to submit his biometrics. Because "[t]he BIA's interpretations of its

2

regulations are due 'substantial deference,'" *Karingithi v. Whitaker*, 913 F.3d 1158, 1161 (9th Cir. 2019) (citation omitted), and because Garcia was never given a deadline by which to complete the biometrics requirement, we hold the IJ abused its discretion when it deemed his applications for relief abandoned.

Although "it is clearly an abuse of discretion for an IJ to deny a request from an otherwise diligent applicant for a short continuance to submit fingerprints," *Cui v. Mukasey*, 538 F.3d 1289, 1295-96 (9th Cir. 2008), Garcia never requested a continuance before the IJ. Thus, the IJ did not abuse its discretion in not sua sponte granting a continuance to allow Garcia to have his biometrics completed.

**PETITION FOR REVIEW GRANTED**.