21-6476
Jimenez-Shilon v. Garland

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of December, two thousand twenty-two.

PRESENT: ROSEMARY S. POOLER,
DENNY CHIN,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*.

------------------------------------------------------------------

DOMINGO JIMENEZ-SHILON,

*Petitioner*,

v.                                                                    No. 21-6476

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,

*Respondent*.

------------------------------------------------------------------

FOR PETITIONER:                          Jose Perez, Law Offices of Jose
                                         Perez, P.C., Syracuse, NY

1

FOR RESPONDENT: Brian Boynton, Principal Deputy Assistant Attorney General, Civil Division, Anthony P. Nicastro, Assistant Director, Office of Immigration Litigation, Matthew B. George, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED for further proceedings consistent with this order.

Petitioner Domingo Jimenez-Shilon, a native and citizen of Mexico, seeks review of a July 27, 2021 decision of the BIA affirming a March 7, 2019 decision of an Immigration Judge ("IJ") that ordered his removal. We assume the parties' familiarity with the underlying facts and procedural history, to which we refer only as necessary to explain our decision to grant the petition.

I.    Procedural Background

In 2014 the Department of Homeland Security ("DHS") charged Jimenez-

2

Shilon with removability pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) for being present in the United States without admission or parole. At an October 2018 hearing, Jimenez-Shilon, through counsel, admitted the allegations, conceded removability, and expressed his intention to apply for asylum and withholding of removal under the Convention Against Torture. The IJ ordered Jimenez-Shilon to submit proof that he had complied with DHS's biometrics (for example, fingerprinting) requirements no later than thirty days before the next hearing. The IJ also gave Jimenez-Shilon a copy of "the written frivolous asylum warning," which explains the consequences of knowingly filing an asylum application that contains "deliberately fabricated" statements. Cert. Admin. R. 98, 213. Lastly, the IJ instructed Jimenez-Shilon's counsel to "undertake the responsibility of advising [him] of those warnings verbally." Id. at 98.

At a followup hearing in March 2019, the government informed the IJ that Jimenez-Shilon had not completed his biometrics requirement. Jimenez-Shilon responded that he thought that submitting his fingerprints in 2017 satisfied the requirement. His counsel thus requested a continuance to permit him to submit biometrics after the hearing. The IJ denied the request for a continuance and concluded that Jimenez-Shilon had abandoned his asylum application.

3

Thereafter, the BIA dismissed Jimenez-Shilon's appeal, concluding that the IJ had not abused its discretion in denying the continuance or deeming the application abandoned because Jimenez-Shilon had notice of the biometrics requirement and failed to request a continuance prior to the hearing.

II.     Discussion

Where, as here, the BIA affirms the IJ's decision, we review both decisions for completeness.  See Marquez v. Garland, 13 F.4th 108, 111 (2d Cir. 2021).  We review for abuse of discretion the IJ's determination that an applicant abandoned an application for asylum by failing to timely submit a required part of the application.  See Dedji v. Mukasey, 525 F.3d 187, 191 (2d Cir. 2008).

On appeal, Jimenez-Shilon argues primarily that the IJ erred by failing to provide proper notice of the biometrics requirement and to warn him of the consequences of his failure to comply with the requirement.  We agree. Although a petitioner's failure to comply with procedural processing requirements, including providing biometrics, may constitute abandonment of an asylum application, see 8 C.F.R. § 1003.47(c), (d), an applicant has certain protections set forth in the regulations and BIA precedent.  Specifically, the BIA has held in a precedential opinion that when an applicant expresses an intention

4

to apply for asylum,

> the Immigration Judge should do all of the following on the record: (1) ensure that the DHS has advised the applicant of the need to provide biometrics . . . and has furnished the appropriate instructions; (2) inform the applicant of the deadline for complying with the requirements . . . ; and (3) inform the applicant of the consequences of noncompliance, including the possibility that the application will be deemed abandoned and dismissed, unless the failure to comply resulted from good cause.

Matter of D-M-C-P-, 26 I. & N. Dec. 644, 649 (B.I.A. 2015); see also 8 C.F.R. § 1003.47(d) ("The immigration judge shall specify for the record when the respondent receives the biometrics notice and instructions and the consequences for failing to comply with the requirements of this section.").

As noted, the IJ instructed Jimenez-Shilon's counsel that "compliance with biometrics will be due 30 days in advance of the individual hearing date." Cert. Admin. R. 98. But the IJ failed (1) to "specify for the record" that Jimenez-Shilon had been provided with the biometrics notice and instructions, or (2) to warn Jimenez-Shilon about the consequences of noncompliance. And although the application for asylum included a boilerplate warning about the consequences of noncompliance, which the Government asserts is appropriate notice to Jimenez-Shilon, that warning was not offered by the IJ on the record. See Matter of D-M-C-P-, 26 I. & N. Dec. at 649; 8 C.F.R. § 1003.47(d). Moreover, the BIA dismissed

5

the appeal by relying in part on the written frivolous asylum warning provided to Jimenez-Shilon, but that warning does not mention the biometrics requirement. Cert. Admin. R. 98, 213.

Because, contrary to the BIA's own precedent, "[t]he record does not reflect that the applicant received the notification advisories concerning the biometrics filing requirement, and there is no indication that he was . . . advised of the consequences of failure to comply, including the possibility that his application[] would be deemed abandoned," Matter of D-M-C-P-, 26 I. & N. Dec. at 650, we conclude that the agency erred in determining that Jimenez-Shilon had abandoned his application. We therefore need not address Jimenez-Shilon's other argument that the agency erred in denying his motion for a continuance.

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6