NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 23 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| Julio Cesar Flores Santana, | No. 21-1146 |
| Petitioner, | Agency No.     A096-321-071 |
| v. | |
| Merrick B. Garland, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 9, 2023
Pasadena, California

Before: GILMAN,** FORREST, and H.A. THOMAS, Circuit Judges.
Dissent by Judge GILMAN.

Julio Cesar Flores Santana seeks review of the Board of Immigration Appeals'

(BIA) dismissal of his appeal from the Immigration Judge's (IJ) denial of his motion

to reconsider. We have jurisdiction in part under 8 U.S.C. § 1252(a). We deny the

petition in part and dismiss in part.

1.     ***Motion to Reconsider.*** Flores Santana argues that the agency erred in

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*     The Honorable Ronald Lee Gilman, United States Circuit Judge for
the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

denying his motion to reconsider because the Department of Homeland Security (DHS) did not provide him with a biometric notice and instructions and the IJ did not state on the record that Flores Santana was provided with such instructions. The IJ and the BIA found that Flores Santana was given the biometrics instructions sheet and informed of the consequences of failing to comply with the biometrics filing deadline. While Flores Santana disputes this finding, he has not met his burden of showing "clear evidence to the contrary" of the agency's factual finding, which is necessary to overcome the presumption that the agency "act[ed] properly and according to law." [1] *Kohli v. Gonzales*, 473 F.3d 1061, 1068 (9th Cir. 2007) (quotation marks and citation omitted).

The regulation requiring that the IJ "specify for the record when the respondent receives the biometrics notice and instructions" does not reverse this presumption of regularity. *See* 8 C.F.R. § 1003.47(d). "The presumption of regularity has been applied far and wide to many functions performed by government officials." *Angov v. Lynch*, 788 F.3d 893, 905 (9th Cir. 2015) (collecting cases). It works here just as in any other context: a petitioner can show that the agency failed to comply with its own regulation by "com[ing] forward with evidence indicating" non-compliance. *See Kohli*, 473 F.3d at 1068.

---

[1] The dissent argues that we rely on the "extraordinary conclusion that an appellate body like the BIA may apply th[is] presumption without reviewing the underlying record created by the IJ." But there is no evidence that the BIA failed to review the underlying record, which indicates that the agency complied with its duties.

The BIA informed Flores Santana that he could address his need for a transcript of his hearing in his brief to the BIA and that he could "contact the Immigration Court . . . to listen to the audio recordings of the hearing." Flores Santana's counsel conceded at oral argument that he did neither of these things. Where Flores Santana provides nothing beyond his bare assertion that he was not provided with the required instructions, he has not met his burden to show that the IJ erred. *See id.* Flores Santana's argument that the agency erred by not finding good cause for his noncompliance with the biometrics requirement fails for the same reason. *See Gonzalez-Veliz v. Garland*, 996 F.3d 942, 948–49 (9th Cir. 2021).

The dissent faults the court for failing to address a claim Flores Santana himself did not clearly raise in his opening brief: whether the BIA erred by not reviewing the audio recording or a transcript[2] of Flores Santana's removal hearings. Because Flores Santana does not make this specific claim, it is forfeited. *See Iraheta-Martinez v. Garland*, 12 F.4th 942, 959 (9th Cir. 2021) (finding petitioner forfeited argument "by failing to develop [it] in his opening brief"); *see also Husyev v. Mukasey*, 528 F.3d 1172, 1183 (9th Cir. 2008).

Nevertheless, even assuming that we should sua sponte raise and consider this argument for Flores Santana, he has not shown the BIA so erred. The dissent argues that the BIA erred because "the BIA [otherwise] has routinely remanded where the record does not memorialize the necessary advisals." But the record *does* reflect that

---

[2]Hearing transcripts are not ordinarily prepared in appeals from denials of motions to reopen or reconsider.

Flores Santana was given the instructions—specifically, when the IJ issued a written order that Flores Santana needed to submit "proof of biometrics" "on or before January 27, 2020." The IJ also stated in denying Flores Santana's motion to reconsider that DHS provided the instructions sheet and that she "provided clear information as to the biometrics filing deadline and the consequences of failing to comply." The IJ making this statement is the same one that conducted the hearing where the advisals were given. The BIA reviewed this record in issuing its decision and reasonably relied on the IJ's representations where Flores Santana provided no evidence to the contrary, did not listen to the audio recording of his hearing, and made no argument about why he needed a transcript.[3]

2. ***Request to Reopen.*** Flores Santana argues that the BIA erred by not exercising its sua sponte authority to reopen his proceedings. We generally lack jurisdiction to review the agency's decision not to exercise its sua sponte authority

---

[3]*Singh v. Gonzalez*, 494 F.3d 1170 (9th Cir. 2007), is inapposite. There, we found that the agency erred by declining to acknowledge affidavits the petitioner and his counsel had submitted to it. *Id.* at 1172–73. There is no similar indication that the BIA failed to consider Flores Santana's evidence—i.e., his bare assertion that the IJ was either mistaken or being dishonest. *Siong v. INS*, 376 F.3d 1030 (9th Cir. 2004), is also inapposite. In that case we found that a petitioner was prejudiced because his counsel failed to timely appeal the IJ's denial of her claims for asylum and withholding of removal, and he was therefore left only with the option of moving to reopen, for which transcripts are not prepared. *Id.* at 1035–38. The petitioner argued in his motion to reopen that a transcript would support his arguments, and we found that lack of a transcript, along with the standard of review on a motion to reopen, were impediments to the BIA's ability to carefully review the petitioner's underlying claims for relief. *Id.* at 1038–42. *Siong* therefore held that the denial of a transcript could be prejudicial—but not that it constituted error on its own. *See id.* at 1037, 1041–42.

to reopen proceedings, but we may review the agency's decision for legal or constitutional error. *See Menendez-Gonzalez v. Barr*, 929 F.3d 1113, 1115 (9th Cir. 2019). Here, Flores Santana has not identified any such error.

**PETITION DENIED IN PART; DISMISSED IN PART.**

*Flores Santana v. Garland*, No. 21-1146

GILMAN, Circuit Judge, dissenting.  Under 8 C.F.R. § 1003.47(d), "[t]he immigration judge *shall specify for the record* when the respondent receives the biometrics notice *and instructions* and the consequences for failing to comply with the requirements of this section." (emphases added).  The BIA has clarified that this duty of specification encompasses numerous components:

> [T]o ensure that an asylum applicant receives proper notice of the biometrics requirements, the Immigration Judge should do *all* of the following on the record: (1) ensure that the DHS has advised the applicant of the need to provide biometrics and other biographical information *and has furnished the appropriate instructions*; (2) inform the applicant of the deadline for complying with the requirements of which he has been notified; and (3) inform the applicant of the consequences of noncompliance, including the possibility that the application will be deemed abandoned and dismissed, unless the failure to comply resulted from good cause.

*Matter of D-M-C-P-*, 26 I. & N. Dec. 644, 648-49 (BIA 2015) (emphases added); *cf. Cui v. Mukasey*, 538 F.3d 1289, 1294 (9th Cir. 2008) (concluding that the IJ had not violated 8 C.F.R. § 1003.47(d) where "[t]he IJ did not state on the record that Cui received instructions from DHS on how to update her fingerprints, nor did the IJ provide such instructions to Cui," only because the regulation was not yet in effect at the time of the IJ's decision).

Since 8 C.F.R. § 1003.47(d) went into effect in 2005, the BIA has routinely remanded where the record does not memorialize the necessary advisals.  *See, e.g.*, *Matter of D-M-C-P-*, 26 I. & N. Dec. at 650; *Matter of Alfonso Perez*,

A079-664-761, 2008 Immig. Rptr. LEXIS 8730 (BIA Sept. 15, 2008); *see also Garcia v. Garland*, 847 F. App'x 514, 515 (9th Cir. 2021) ("Because '[t]he BIA's interpretations of its regulations are due substantial deference,' and because Garcia was never given a deadline by which to complete the biometrics requirement, we hold the IJ abused [his] discretion when [he] deemed [Garcia's] applications for relief abandoned." (cleaned up) (quoting *Karingithi v. Whitaker*, 913 F.3d 1158, 1161 (9th Cir. 2019)).

The majority appears to believe that the IJ's written notice to Flores Santana that he must submit "proof of biometrics, [a] complete declaration, and all conviction documents . . . on or before January 27, 2020 at the windows" is all the instruction that Flores Santana was entitled to receive. *See* Majority Op. at 4. But according to BIA precedent, the IJ's duty to ensure that the petitioner is aware of the deadline for submitting his biometrics is distinct from the IJ's duty to specify for the record that DHS has furnished the petitioner with instructions for *how* to submit his biometrics. *See Matter of D-M-C-P-*, 26 I. & N. Dec. at 648-49. These instructions, available at the United States Citizenship and Immigration Services (a subsidiary agency of DHS) website, are far more comprehensive than the order upon which the majority relies. *See* U.S. Citizenship & Immigr. Servs., *Instructions for Submitting Certain Applications in Immigration Court and for Providing Biometric and Biographic Information to U.S. Citizenship and*

2

*Immigration Services*, https://bit.ly/3LBisxg (last visited Mar. 21, 2023).  The

majority has failed to acknowledge this distinction.

Flores Santana claimed before the BIA that (1) although he had received

notice of the biometrics requirement and of the deadline for compliance, DHS had

not furnished the appropriate instructions as to how to comply, and (2) the IJ had

accordingly failed, prior to ordering that Flores Santana be removed, to state on the

record that DHS had done so.  The accuracy of the latter claim could easily have

been ascertained from audio recordings or any transcripts of the removal hearings.

If the underlying record had shown that the IJ expressly confirmed that DHS had

furnished Flores Santana with instructions for completing the biometrics

requirement, then Flores Santana's appeal to the BIA would have been meritless.

If such a confirmation was absent from the underlying record, then the BIA should

have remanded Flores Santana's proceedings to the IJ.

The BIA had the "responsibility of reviewing the immigration judge's denial

of the motion in light of the arguments advanced on appeal."  *Matter of M-P-*,

20 I. & N. Dec. 786, 787-88 (BIA 1994); *see also Matter of A-P-*, 22 I. & N. Dec.

468, 474 (BIA 1999) (commenting on the BIA's "primary appellate function of

reviewing the bases stated for the Immigration Judge's decision" (citation

omitted)).  Yet in affirming the IJ's denial of Flores Santana's motion to

reconsider, the BIA reviewed neither audio recordings nor any transcripts of the

hearings to determine whether the record in fact contained evidence of the requisite advisals. It instead relied exclusively upon the denial itself, in which the IJ set forth her after-the-fact recollection that she had ensured DHS's compliance on the record before ordering Flores Santana's removal from the United States. By failing to independently consider the underlying record, the BIA abused its discretion. *See, e.g.*, *Matter of M-P-*, 20 I & N. Dec. at 787-88 (recounting the BIA's legal duty of independent review); *Saldana v. INS*, 762 F.2d 824, 827 (9th Cir. 1985), *amended on other grounds*, 785 F.3d 650 (9th Cir. 1986) ("[W]hen the BIA dismisses an alien's claims with conclusory or laconic statements, this court may conclude that the BIA has abused its discretion by failing to 'give reasons which show that it has properly considered the facts which bear on its decision.'" (citations omitted)).

## A. As a threshold matter, the BIA did not review audio recordings or any transcripts of Flores Santana's removal hearings

The agency provided us with a certified administrative record that contains neither audio recordings nor any transcripts of Flores Santana's removal hearings. And we cannot presume that the BIA "relied on documents not in the record." *See Goffney v. Becerra*, 995 F.3d 737, 748 (9th Cir. 2021). We instead "presume that [the] agency properly designated the Administrative Record absent clear evidence to the contrary." *Safari Club Int'l v. Haaland*, 31 F.4th 1157, 1177 (9th Cir. 2022) (alteration in original) (quoting *Goffney*, 995 F.3d at 748).

4

In determining that "the Immigration Judge correctly concluded that, at the [petitioner]'s hearing on November 27, 2019, both the Immigration Judge and the DHS complied with the requirements of 8 C.F.R. § 1003.47(d) and *Matter of D-M-C-P-*, 26 I&N Dec. 644 (BIA 2015), regarding notice, advisals, and deadlines for complying with the biometrics requirement," the BIA cited only to the IJ's denial of Flores Santana's motion to reconsider. Nor has counsel for the agency made any assertion that the BIA considered any extra-record materials. Even the majority agrees that the BIA "relied on the IJ's representations" of what audio recordings or any transcripts of the hearings would reveal without independently reviewing those materials. *See* Majority Op. at 4.

**B. The majority fails to address Flores Santana's legal claim**

Insofar as the majority decides that Flores Santana has not successfully shown to this court, as a *factual* matter, that DHS and the IJ did not comply with their obligations under *Matter of D-M-C-P-*, I agree. Without audio recordings or any transcripts of the removal hearings, we cannot meaningfully consider such a contention.

But this factual dispute is not the sole issue that we have been tasked to resolve. Contrary to the majority's assertions, *see* Majority Op. at 3, Flores Santana specifically argues that the BIA affirmed the IJ's version of what was said during Flores Santana's removal hearings without actually reviewing the

5

underlying record of those proceedings. The following language is taken directly from Flores Santana's opening brief:

> [T]he BIA affirmed the Immigration Judge's denial of the motion to reconsider, concluding that the Immigration Judge and DHS properly complied with the requirements, based, apparently, only on the Immigration Judge's decision, and not on the record . . . as there is no transcript record. Where the BIA found that the Immigration Judge was correct by denying the motion to reconsider, where Petitioner correctly pointed out that the Immigration Judge and DHS both erred in meeting the biometric information requirement, the BIA erred, and the decision should be remanded.

Opening Br. at 14 (ellipses in original).

This is a claim of legal error. As counsel for the government properly acknowledged, "the BIA is required by law . . . to have a meaningful review of the IJ's decision." And counsel noticeably made no assertion (either at oral argument or in his brief) that the BIA had satisfied this duty in Flores Santana's proceedings.

This court has previously held that the lack of a transcript, when the events of the proceedings are material to the question presented to the BIA, is "an obvious impediment to review." *Siong v. INS*, 376 F.3d 1030, 1038, 1041 (9th Cir. 2004) (presuming that the petitioner had been prejudiced by his counsel's ineffective assistance in part because the BIA "did not have a transcript before it," and elsewhere finding that another of the BIA's holdings was a "summary conclusion" because it was "made without the benefit of a transcript"). Here, even though the key dispute concerns statements that were made (or not made) during the removal

6

proceedings, the BIA chose to base its decision solely on the IJ's after-the-fact recollection.

Flores Santana therefore asks us to remand so that the BIA can review the denial of his motion to reconsider with the benefit of either audio recordings or transcripts of the hearings before the IJ. I believe that the law requires no less to ensure that the BIA has performed its appellate function.

**C. The BIA cannot rely upon a presumption of regularity to satisfy its duty to independently review the IJ's decision**

The majority excuses the BIA's failure to review the underlying record by relying on a "presumption that the agency 'act[ed] properly and according to law.'" Majority Op. at 2 (alterations in original) (quoting *Kohli v. Gonzales*, 473 F.3d 1061, 1068 (9th Cir. 2007)). But the existence of a presumption does not support the extraordinary conclusion that an appellate body like the BIA may apply that presumption without reviewing the underlying record created by the IJ. *See Adler v. Lewis*, 675 F.2d 1085, 1091 (9th Cir. 1982) ("Though the Secretary's decision is entitled to a presumption of regularity, the reviewing court still engages in a substantial inquiry because the presumption does not 'shield his action from a thorough, probing, in-depth review.'" (quoting *Citizens to Pres. Overton Park v. Volpe*, 401 U.S. 402, 415 (1971), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977))). That is simply not how presumptions work. *See, e.g., Rudin v. Myles*, No. 2:11-cv-00643, 2022 WL 1556168 (D. Nev. May 15,

7

2022) ("[C]ourts do not apply presumptions, even strong ones, blindly without regard to the record before them." (citation omitted)).

In *Singh v. Gonzales*, 494 F.3d 1170, 1172-73 (9th Cir. 2007), for example, this court held that the BIA had abused its discretion in concluding that a letter had been properly mailed to the petitioner where the BIA "did not explain its reasons for doing so, nor did it acknowledge the affidavits filed by both Singh and his lawyer alleging nonreceipt." The *Singh* court so held even though "a properly addressed cover letter creates a presumption of mailing on the date of the cover letter." *Id.*

Here, as in *Singh*, the BIA prematurely concluded that the agency had satisfied its obligations without a discussion of the petitioner's evidence to the contrary. In *Singh*, that evidence consisted of the petitioner's affidavit alleging nonreceipt of a letter. *See id.* That evidence in the present case consists of the petitioner's declaration, under penalty of perjury, alleging nonreceipt of the biometrics instructions. In my opinion, Flores Santana's declaration is no more a "bare assertion," *see* Majority Op. at 4 n.3, than Singh's affidavit. I therefore see no principled basis for the outcome in this case to be different from the outcome in *Singh*.

Moreover, the dispute in the present case, unlike that at issue in *Singh*, concerns an easily ascertainable fact: whether the underlying record of the removal

proceedings does or does not contain the IJ's acknowledgement that DHS furnished Flores Santana with the biometrics instructions. The BIA's decision to "shield [the IJ's] action from a thorough, probing review," *see Citizens to Pres. Overton Park*, 401 U.S. at 415, is accordingly even more inexplicable than its error in *Singh*.

If anything, BIA precedent indicates that, with respect to 8 C.F.R. § 1003.47(d), the presumption is one of *ir*regularity because the IJ must state on the record that DHS has complied with the regulatory requirements. *Matter of D-M-C-P-*, 26 I. & N. Dec. 644, 648-49 (BIA 2015). Without such a statement, the presumption is actually that DHS and the IJ did *not* satisfy their obligations. *See id.* at 650 (remanding where the record did not contain the requisite acknowledgements). The BIA's decision to accept the IJ's after-the-fact recollection without any independent review was thus contrary to its own precedent and an abuse of discretion. *See Alphonsus v. Holder*, 705 F.3d 1031, 1043 (9th Cir. 2018), *abrogation on other grounds recognized by Guerrero v. Whitaker*, 908 F.3d 541 (9th Cir. 2018) ("It is a well-settled principle of administrative law that an agency abuses its discretion if it 'clearly departs from its own standards.'" (citation omitted)).

9

**D. The quality of Flores Santana's briefing before the BIA is unrelated to the agency's responsibility to review its own records**

Finally, the majority faults Flores Santana's counsel for failing to procure audio recordings of the hearings or to address the need for transcripts in Flores Santana's appeal to the BIA. *See* Majority Op. at 3. But Flores Santana does not argue that the BIA erred in denying *him* access to any transcripts of his removal hearings, or that he was unable to adequately brief his position as a result. He claims instead that the agency erred by disregarding *its own* records in adjudicating his appeal.

Because the BIA was faced with a classic "he said, she said" dispute, it could not properly carry out its appellate function without reviewing either audio recordings or transcripts of the removal hearings. The majority's focus on the BIA's boilerplate notice to Flores Santana that he could "address his need for a transcript of his hearing in his brief," *see* Majority Op. at 3, is thus misplaced.

## CONCLUSION

Notwithstanding the presumption of regularity, the granting of review of BIA decisions is not at all uncommon. Such would not be true if this court uncritically applied the presumption. Because the BIA failed to carry out its duty to independently review the IJ's decision in the present case, I respectfully dissent.