**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

AUG 23 2023

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VICTOR MANUEL DE LA O-TURCIOS, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 22-592 <br><br> Agency No. A206-548-456 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 21, 2023**
Portland, Oregon

Before: BENNETT, VANDYKE, and H.A. THOMAS, Circuit Judges.

Petitioner Victor Manuel De La O-Turcios, a native and citizen of El Salvador,

seeks review of a Board of Immigration Appeals (BIA) decision affirming the

Immigration Judge's (IJ) finding that Petitioner abandoned his applications for relief

because he failed to comply with the biometrics requirements in a timely manner,

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

despite having been advised of the requirements, the deadline to complete them, and the consequences of failing to complete them.

"An IJ's decision to deem an asylum application abandoned is reviewed for abuse of discretion." *Gonzalez-Veliz v. Garland*, 996 F.3d 942, 948 (9th Cir. 2021) (citing *Taggar v. Holder*, 736 F.3d 886, 889 (9th Cir. 2013)).

The agency did not abuse its discretion in concluding that Petitioner abandoned his application by failing to complete biometrics. By statute, an applicant must undergo identification—including biometrics analysis—before an application may proceed. 8 U.S.C. §§ 1158(d)(1), 1158(d)(5)(A)(i). The regulations provide that failure to comply "within the time allowed … constitutes abandonment of the application and the immigration judge may enter an appropriate order dismissing the application[.]" 8 C.F.R. § 1003.47(c); *see also* 8 C.F.R. § 1208.10. As part of this process, an IJ must "specify for the record when the respondent receives the biometrics notice and instructions and the consequences for failing to comply with the requirements of this section." 8 C.F.R. § 1003.47(d). Here, the IJ followed each of the required steps. The IJ (1) notified the applicant of the biometrics requirements and provided him with instructions for such procedures; (2) informed him of the deadline to complete biometrics; and (3) warned him of the consequences for failing to comply. *See id.*; *Gonzalez-Veliz*, 996 F.3d at 948–49; *Matter of D-M-C-P-*, 26 I. & N. Dec. 644, 648 (BIA 2015).

1. Court transcripts reflect that Petitioner received written biometrics instructions at his July 8, 2015 hearing. Petitioner also concedes that at his March 23, 2018 hearing, he received biometrics instructions.

2. At the July 8, 2015 hearing, the IJ provided clear deadlines along with verbal and written instructions: "Your hearing is going to be on February 6, 2018 … you need to follow the instructions that you're going to be given and get yourself properly fingerprinted before that hearing." The IJ reiterated the deadline again later in the hearing: "[Y]ou're going to get an appointment notice to go in and get fingerprinted. You must do this before the [next] hearing, so do it soon." Petitioner responded: "Of course." Petitioner's argument that the IJ was "vague" and did not "not clearly give[] a date by which he must comply" is unsupported by the record.

3. The IJ explicitly warned Petitioner of the consequences of failing to comply: "If you don't follow these instructions or you don't go to the appointment to take your fingerprints, then your [application] is not complete and it *cannot be approved* by the Court even if you met all the other requirements for asylum or other protection" (emphasis added). Petitioner assured the IJ: "I'll go," and "I'll send it right now." Though the IJ did not explicitly use the word "abandoned," the IJ's verbal warnings adequately communicated "the consequences" as required by 8 C.F.R. § 1003.47(d). Moreover, the written language Petitioner received used the

word "abandoned."

An applicant can overcome his failure to comply with biometrics requirements only if that failure was the result of good cause. 8 C.F.R. § 1208.10; *see Gonzalez-Veliz*, 996 F.3d at 948. Though Petitioner is "not a native English speaker" and was "not represented by counsel" before the agency, such justifications are not good cause. Petitioner participated in all eight hearings using an interpreter and repeatedly assured the court that he understood what was required of him. And proceeding pro se is not a valid justification for failing to follow the biometrics instructions. Thus, the agency did not abuse its discretion in finding that Petitioner did not provide "good cause" for failing to comply.

Finally, Petitioner argues he remains eligible for cancellation of removal based on a defective Notice to Appear. But we agree with the government that Petitioner did not raise this issue before the agency, and thus it is unexhausted. *See* 8 U.S.C. § 1252(d)(1); *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023) (noting that § 1252(d)(1) is a claim-processing rule that the court "must enforce" when it is properly raised by the government (quoting *Fort Bend Cnty. v. Davis*, 139 S. Ct. 1843, 1849 (2019))).

Accordingly, the petition is **DENIED.**